Pleading and practice; motion to dismiss; action for breach of contract; Court of Claims jurisdiction; suit pending in another court; election of forum. — On June 11,1976 the court entered the following order:
Before Davis, Judge, Presiding, Nichols and Kunzig, Judges.
“This case is before us on defendant’s motion to dismiss. Defendant awarded plaintiff a contract for tank engine components. Defendant had previously obtained them from Continental Motors Corp., a sole source. Plaintiff alleges it was prevented from using Government-owned tools that Continental had used. An extended dispute ensued and plaintiff got into financial difficulties. Following a breakdown of negotiations, defendant terminated for convenience. Plaintiff, allegedly because of its economic distress, accepted a termination settlement of $280,503 net, but rejected it later except as partial payment. It appealed to the Armed Service Board of Contract Appeals which set the settlement aside for *715 duress and awarded $457,479 net, denying, plaintiff’s breach claims as beyond Board jurisdiction.
“On April 9,1974, plaintiff sued in the United States District Court naming Teledyne Industries, Inc., a Continental subsidiary, several Teledyne employees and five United States Government employees, as defendants. The complaint has counts under the Anti-Trust laws, 15 U.S.C. Secs. 1, 2; for tortious interference with performance of a contract under state common law; and under the Federal Property and Administrative Service Act, 40 U.S.C. Secs. 488, 489. These latter sections make the Anti-Trust laws applicable to property disposal actions, and set up certain liabilities and penalties for fraud in connection with Government property disposal. The United States District Courts are given jurisdiction to try suits under this law.
“The suit here was filed September 19,1975. It is based on breach of contract, and the amount claimed for the breach, largely exceeds $10,000.
“The motion to dismiss sets up the District Court suit, at--taching a copy of the complaint, so it properly is by Rule 381 (b) a motion for summary judgment. It relies wholly on 28 U.S.C. Sec. 1500, saying this court shall not have jurisdiction of any claim for or in respect to which the plaintiff has a suit pending in any other court either against the United States or persons acting for the United States.
“In Casman v. United States, 135 Ct. Cl. 647 (1956), we held that under law previous to Pub. L. 92-415 amending 28 U.S.C. Sec. 1491, the involved Sec. 1500 did not bar a back pay suit by an employee of the Government here, because he had a suit for reinstatement pending in a District Court. We said at 649, quoting the Supreme Court, Matson Nav. Co. v. United States, 284 U.S. 352, 355 (1932), that the purpose o£ Sec. 1500
was only to require an election between a suit in the Court, of Claims and one brought in another court.
“Since we have no jurisdiction of suits under the AntiTrust laws, suits under state common law for tortious interference with contracts, or suits under 40 U.S.C. Sec. 488 and 489, and the District Court by 28 U.S.C. Sec. 1346 (2), has-no jurisdiction of breach claims over $10;000, plaintiff has no. *716 'election. In- neither court could it combine all its claims. In these circumstances Sec. 1500 does not support the so-called motion to dismiss.
“Upon consideration of the briefs, and record, but without oral argument, it is accordingly ordered, that the defendant’s motion to dismiss, or motion for summary judgment is denied.”