"This case is before the court on defendant’s motion to dismiss for lack of jurisdiction. Upon the briefs, we deny the motion, without argument.
*960 "The plaintiff, Pitt River Home and Agricultural Cooperative Association, has instituted two legal actions against the United States. Both actions are based on the same dispute and involve similar if not identical factual issues. The relief sought in the two actions is clearly different. In the first action, filed December 16, 1976, in the U.S. District Court for the Eastern District of California, plaintiff is seeking equitable relief in the form of an injunction and Writ of Mandate. In the action involved herein, filed January 17, 1977, the plaintiff is seeking just compensation for the unlawful taking of its property.
"The defendant bases its motion to dismiss the plaintiffs petition on 28 U.S.C. § 1500 (1970), which provides:
The Court of Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit arose, was, in respect thereto, acting or professing to act, directly or indirectly under authority of the United States.
"The defendant contends, and the plaintiff concedes, that, where applicable, 28 U.S.C. § 1500 (1970) acts as a bar to jurisdiction in the Court of Claims. However, 28 U.S.C. § 1500 (1970) is not applicable to this case. This court has repeatedly construed 28 U.S.C. § 1500 (1970) as follows:
* * * Section 1500 [28 U.S.C. § 1500 (1970)] was designed to require an election between two forums both of which could presumably grant the same type of relief. * * * [Emphasis supplied.] [Brown v. United States, 175 Ct. Cl. 343, 348, 358 F. 2d 1002, 1005 (1966).]
See also Tecon Engineers, Inc. v. United States, 170 Ct. Cl. 389, 393 ff., 343 F. 2d 943, 945 ff. (1965), cert. denied, 382 U.S. 976 (1966).
"The defendant concedes in its motion to dismiss that the relief sought in the two cases (the case involved herein and the district court case) is different. Because the district court has the power to offer equitable relief to the plaintiff, if appropriate, while this court has the power to compensate the plaintiff for damages in' excess of $10,000, 28 U.S.C. § 1500 (1970) is inapplicable as a bar to this petition.
*961 "It is not novel for the Court of Claims to proceed in actions for money damages wherein the identical factual situations are involved in previously filed district court actions seeking equitable relief. See, e.g., Brown v. United States, supra; Casman v. United States, 135 Ct. Cl. 647 (1956).
"The relevant question in assessing an asserted bar to jurisdiction in the Court of Claims on the basis of § 1500 is not whether similar factual issues are involved in other, previously filed, actions but, instead, whether the same cause of action and claims for relief are asserted in the Court of Claims and other courts. If so, then § 1500 is a jurisdictional bar. Brown v. United States, supra, at 1004; Casman v. United States, supra.
"The plaintiff is not alleging the same cause of action nor seeking the same relief herein as is sought in the district court suit. Therefore,
"IT IS ORDERED that defendant’s motion to dismiss be and is hereby denied.”