Eminent domain; inverse condemnation; denial of permits relating to navigable waters; remand for trial or other fact-finding on issue of whether there was a taking requiring just compensation. — On February 22, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Bennett and Smith, Judges.
This case comes before the court on defendant’s request for review of the trial judge’s opinion and recommended decision (dated April 30, 1979) on the Government’s motion to dismiss (which the trial judge treated as a motion for summary judgment). Oral argument has been had and the court has also considered the parties’ written submissions (including the post-argument submissions).
The court does not adopt the trial judge’s opinion but does agree with his conclusion that the defendant’s motion to dismiss and/or for summary judgment should be denied, and that a trial or other fact-finding process is appropriate to determine whether there has been in this case any Fifth Amendment taking by inverse condemnation, and if so its extent.[1] At the same time the court stresses that it makes *660 no intimation or suggestion whatever that any such taking has or has not occurred.
Among the reasons why the court considers that a trial (or substitute fact-finding process) is both necessary and appropriate are the following:
1. It appears to be undisputed that a substantial amount (though by no means all) of the dredging and filling sought by plaintiff under the permit refused by the Corps of Engineers was outside the "navigation servitude” as that term is normally and conventionally considered, i.e., that substantial dredging and filling would be above mean high water or high tide mark or level.
2. The recent Supreme Court decision in Kaiser Aetna v. United States, 444 U.S. 164 (1979), appears to hold that the scope of the Corps of Engineers’ authority under § 10 of the Rivers and Harbors Act, 33 U.S.C. § 403 — on which defendant relies very strongly — need not necessarily be the same as that area or facet of the "navigation servitude” in which the Government has plenary authority to take action or refuse a permit without paying just compensation. In other words, there may be a difference in a particular case between the Government’s regulatory authority under § 10 and use of the "navigation servitude” concept to deny or reduce just compensation.
3. Kaiser Aetna, supra, also suggests to us that, in deciding whether the United States is free from having to pay just compensation for exercising in this complicated case its power over navigable waters, it is preferable to have a full record and a precise determination of all pertinent facts before grappling with the ultimate question.
4. It is not now clear to the court either (a) the extent, if at all, to which the final decision of the Corps of Engineers *661 rested on § 404 of the Clean Water Act, 33 U.S.C. § 1344, and Ob) the extent, if at all, to which the term "navigable waters” in that section extends beyond the conventional definition of "navigable waters” or the conventional understanding of the "navigation servitude” (see the definition in § 502(7), 33 U.S.C. § 1362(7)).
In thus returning the case, we repeat that we intimate no position at all on the ultimate question of whether there has been any Fifth Amendment taking in this case. In particular we take no position as to whether or not (and, if so, to what extent) the so-called "navigation servitude” frees the Federal Government in this case from having to pay just compensation for exercising rights under the various statutes which may have been invoked or taken account of by the Corps of Engineers.
It is Therefore Ordered that defendant’s motion to dismiss and/or for summary judgment is denied without prejudice, and the case is returned to the Trial Division for further appropriate proceedings consistent with this order.

 The court agrees with the trial judge that we are not barred from jurisdiction over this case by 28 U.S.C. § 1500, by virtue of the pendency of Deltona Corp. v. Clifford L. Alexander, Jr., Secretary of the Army, Case No. 76-473-CIV-JWC, U.S. District Court for the Middle District of Florida. In that district court action, Deltona seeks only declaratory and injunctive relief, not monetary compensation. In the present suit, only monetary compensation is sought. We can, of course, not grant *660 declaratory or injunctive relief, and the district court cannot grant the very large amount of monetary relief requested from us. This difference between the two actions and the types of relief demanded removes this case from § 1500. Casman v. United States, 135 Ct. Cl. 647 (1956); Pitt River Home & Agricultural Coop., Assoc. v. United States, 215 Ct. Cl. 959 (1977).
Comity no longer requires that we await the completion of the district court action. We suspended our proceedings for that purpose from May 13, 1977 to February 13, 1979 (on which date we referred defendant’s motion to the trial judge). Nothing brought to our attention since February 13, 1979, suggests that the district court action is at all near completion, or that meaningful progress is being made in that suit, or that the parties are anywhere near settlement or mooting of the dispute between them.