Court of Claims jurisdiction; pendency of claim in another court; claim for declaratory and injunctive relief and separate claim for monetary compensation; suspension of court proceedings. — On March 28, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Cowen, Senior Judge, and Bennett, Judge.
*685 This is a suit for breach of contract in which plaintiff Truckee-Carson Irrigation District claims violation of an implied contract with the Federal Government with respect to use of the project waters for the production of power during the winter months. Defendant moves to dismiss the petition under 28 U.S.C. § 1500 on the ground that plaintiff had already brought another action (in the United States District Court for the District of Nevada) on the same claim. Truckee-Carson Irrigation District v. Secretary of Interior, et al., Civil No. R-74-34 BRT. Oral argument has been had on defendant’s motion, and the court has also considered the written submissions of the parties.
It is clear that defendant’s motion cannot be granted under 28 U.S.C. § 1500. Though related to the present action, the Nevada District Court suit seeks only injunctive and declaratory relief, not monetary redress. Here, monetary compensation is alone sought. It is settled law that § 1500 does not bar a proceeding in this court, asking monetary relief, if the other pending suit seeks only affirmative relief such as an injunction or a declaratory judgment. See, e.g., Casman v. United States, 135 Ct. Cl. 647 (1956); Pitt River Home & Agricultural Coop. v. United States, 215 Ct. Cl. 959 (1977); Deltona Corp. v. United States, 222 Ct. Cl. 659 (1980).
The question remains whether, as a matter of comity, we should suspend proceedings here to await the completion of the District Court action. That suit was filed in March 1974, about four years before the present action was instituted. It was tried on October 29, 1979, and the parties are now awaiting transcription of the record. So far as this court can tell, the disposition of that suit may very well have a profound effect on the instant case and may, indeed, make it unnecessary to try or dispose of the present suit as an independent matter. There is undoubtedly a close bond between the two litigations, acknowledged by both parties, which counsels that we await the completion of the District Court action which was commenced first and has progressed much farther.
Accordingly, defendant’s motion to dismiss under 28 U.S.C. § 1500 is denied but proceedings in this case are suspended to await the completion of Truckee-Carson *686 Irrigation District v. Secretary of Interior, United States District Court for the District of Nevada, Civil No. R-74-34 BRT.
IT IS SO ORDERED.