Plaintiff, Gary Aircraft Corporation, brings this action to recover amounts due from defendant, United States Government, under two contracts. Plaintiff alleges both breach claims and claims under the "Disputes Clause” of the contracts. Defendant moves to dismiss, or alternatively, for summary judgment.
Under contract F-14608-71-0-0289 (contract 0289), effective December 1,1970, Gary contracted to overhaul certain R-2800 series engines. This contract expired on August 31, 1974. Under the second contract, F-41608-74-D-1645 (contract 1645), effective September 1,1974, Gary was to engage in additional and continued overhaul of R-2800 series engines and deliver specified numbers of these engines monthly. On March 5, 1975, the Contracting Officer (C.Ó.) terminated Gary’s right to proceed further with performance under the contract, citing Gary’s failure to meet the required deliveries. On June 22,1975, the C.O. rendered his final decision wherein he found Gary’s failure to deliver the contractually required supplies within the required time to be due to Gary’s fault and negligence. Gary appealed this determination which was docketed by the Armed Services Board of Contract Appeals (ASBCA) as ASBCA No. 20534 on July 24,1975. A dispute under both contracts also arose when Gary submitted to the C.O. a delay of work claim. This claim was docketed as ASBCA No. 21731 on January 21,1977.
Gary commenced a Chapter XI bankruptcy action on October 23,1976, and in June 1977 Gary moved to disallow the government’s proof of claim which had been filed. Prior to the July 18,1977, bankruptcy trial date, the government filed a Motion to Stay & Vacate before the bankruptcy *570 court, contending that resolution of certain claims was within the exclusive jurisdiction of the ASBCA. That motion was denied. The trial before the bankruptcy court commenced on July 19, 1977, and concluded on March 9, 1978. On August 30, 1978, the ASBCA dismissed Gary’s appeals without prejudice as substantially identical issues were involved in the bankruptcy court’s proceedings. On June 29, 1979, the bankruptcy court entered lengthy findings of fact and conclusions of law. The bankruptcy court found that contract 1645 was wrongfully terminated for default and concluded that the termination must be characterized as for the convenience of the government. The total amount of this claim was valued at $3,170,724. The bankruptcy court also found that certain requirements imposed by the government on contract 0289 amounted to a constructive change order. This claim was valued at $198,885.
The government appealed the bankruptcy court’s findings and conclusions relating to Gary’s claims against the government, described herein as Gary’s first and second claims. The government likewise appealed the failure of the bankruptcy court to defer its determinations on matters that had been before the ASBCA.
In its petition before us, Gary, basing its claims on the findings and conclusions of the bankruptcy court, presents five claims for relief: (1) contract 1645 was wrongfully terminated for default and that termination is one for the convenience of the government entitling Gary to recover, (2) the government issued a constructive change order under contract 0289, (3) Gary is entitled to all legal and accounting fees involved in preparing, negotiating and litigating claims one and two, (4) Gary is entitled to lost profits resulting from the government’s unlawful termination of contract 1645, and (5) in the alternative Gary claims consequential damages flowing from the government’s fraudulent misrepresentation and concealment of certain facts.
*571 Claims 1 and 2
The government argues that because the bankruptcy court determinations on the first two claims are on appeal before the district court, this court is deprived of jurisdiction. The relevant statute, 28 U.S.C. § 1500, provides that—
The Court of Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assigness has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.
Thus, if we determine Gary’s first and second claims before us are the same "claims for or in respect to which” it has pending in the district court, this court would be required to dismiss those claims.
The government argues that the crucial factor in our analysis is whether the suit proceeded in another forum upon the merits. We agree that the determination upon the merits test is relevant, but it is not determinative. See Brown v. United States, 175 Ct.Cl. 343, 358 F.2d 1002 (1966). Even more relevant is an analysis of the facts of this case in light of the statutory purpose. Section 1500 was designed to require an election between two forums both of which could presumably grant the same relief. Id. Its purpose is to bar duplicative suits. Universal Fiberglass Corp. v. United States, 210 Ct.Cl. 206, 218, 537 F.2d 393, 399 (1976). In the instant case, the bankruptcy court did not, and could not, provide complete relief, in the form of a money award to plaintiff. The claim before us, however, is different as it involves the awarding of monetary relief. Also, the bankruptcy court found such facts as necessary to exercise its jurisdiction to determine whether the government’s claims against Gary were entitled to priority. Defending against government claims of priority in one proceeding and instituting monetary claims against the government in another are not duplicative. This case is, in fact, analytically similar to instances where this court has held that a suit for reinstatement in the district court and a suit for back *572 pay in this court are not the same claim. E.g., Casman v. United States, 135 Ct.Cl. 647 (1956). Therefore, because the bankruptcy court did not address and could not award a claim for monetary relief and because we find that the claims in the bankruptcy case and in the case before us are not duplicative, we hold that we are not required to dismiss Gary’s first and second claims under 28 U.S.C. § 1500.
The government next argues that we should dismiss Gary’s first and second claims because of Gary’s failure to exhaust its administrative remedies. Those two claims arise under the "Disputes Clause” of the contract, and under that clause the ASBCA is given authority to determine disputes under the contract in the first instance. Under the Wunder-lich Act, 41 U.S.C. §§ 321-322, this court then exercises the limited judicial review of determining whether there was an abuse of discretion, or whether the action taken was arbitrary, capricious, or so grossly erroneous as to imply bad faith, or not supported by substantial evidence.
Exhaustion of administrative remedies is not required, however, if it is shown by clear evidence that such procedure is inadequate or unavailable. United States v. Blair, 321 U.S. 730, 736-737 (1944). In the instant case Gary appealed various decisions of the C.O. to the ASBCA. Because the bankruptcy court would determine substantially similar issues, the ASBCA dismissed the cases without prejudice. The ASBCA appears to have followed in doing this its general rule of awaiting final decisions in bankruptcy cases before addressing similar claims of contractors before it. See, e.g., Tele-Tronics Co., [1963] Gov’t Cont. Rep. (CCH) ¶ 3844. Such a procedure by the ASBCA does not deprive Gary of its rights of appeal. The ASBCA policy appears designed to avoid duplicative procedures. The ASBCA order that dismissed its appeal in 1978 allows Gary to reinstate its appeal before the ASBCA. As the ASBCA has stated, "[T]here is nothing to be gained by duplicating those proceedings, or by engaging in a futile race to decide this appeal before they have been completed.” Id. Therefore, because Gary has not shown that an administrative determination is inadequate or unavailable, under our general rule it should be required to exhaust its administrative appeals.
*573 Gary argues, however, that the bankruptcy court already has determined his first and second claims on the merits, and under res judicata and collateral estoppel theories these findings would bind the ASBCA. Thus, says Gary, since there is no dispute over which the ASBCA is required to make any findings, there is no need to require exhaustion. We disagree. The bankruptcy determinations are on appeal, and there is the possibility that on appeal it might be held that the bankruptcy court had no jurisdiction to determine Gary’s contract disputes claims. Upon such a determination, the ASBCA would then be the proper tribunal before which the contract disputes would be brought. On the other hand, if it is determined that the bankruptcy court had jurisdiction, then the ASBCA would still be competent to render judgment. It may be that the bankruptcy court findings will be collateral estoppel in the ASBCA, but this does not deprive the ASBCA of jurisdiction. Thus as a matter of sound judicial policy, we should not bypass ASBCA and entertain Gary’s first and second claims at this time. Of course, should Gary receive an adverse decision from ASBCA, he may obtain judicial review in this court.
Claim 3
Gary states it is entitled to full recovery of all legal and accounting fees incurred in litigating its claims against the government. Gary cites Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975) for the proposition that there is a "bad faith” exception to the traditional rule against recovery of litigation costs.
Gary’s reliance upon Alyeska is misplaced. A claim for attorney’s fees against the government, like any claim for monetary relief against the government, may be assessed only when the United States Government waives its sovereign immunity. E.g., United States v. Testan, 424 U.S. 392 (1976). Furthermore, an award of attorney’s fees against the United States is foreclosed by 28 U.S.C. § 2412 absent other statutory authorization. Id. at 269 n. 44. Gary, however, has presented no statute which indicates any waiver of sovereign immunity by the government that *574 would allow the recovery of attorney’s fees,in.this case. Therefore, partial summary judgment will be granted in defendant’s favor on that part of Gary’s claim that requests recovery of all legal and accounting fees incurred in litigating its claims.
Certain of Gary’s fees are compensable costs under the contract to the extent they are incurred in the preparation of termination settlement claims. Kalvar Corp., Inc. v. United States, 211 Ct.Cl. 192, 543 F.2d 1298 (1976), cert. denied, 434 U.S. 830 (1977). These settlement claims, however, arise under the contract and should be determined by the ASBCA in the first instance. Thus, as we did with claims 1 and 2, we decline to hear claim 3 a]t this time.

Claim 4

Applying a breach theory, Gary claims lost profits resulting from the government’s alleged wrongful activities involved in its termination of contract 1645. There was no determination by the bankruptcy court on the merits of this claim. Should the ASBCA find that contract 1645 was either properly default terminated or terminated in good faith for the convenience of the government, this court could not award breach damages merely on those facts. Determination of the proper scope of relief under the contract is a necessary preliminary to consideration of the breach claim. Therefore, we suspend consideration of this claim pending a final decision by the ASBCA on Gary’s other claims.

Claim 5

Arguing in the alternative pursuant to Rule 32(a)(2), Gary contends it is entitled to recover consequential damages that resulted from an alleged bad faith breach of contract. This is an alternative claim that ASBCA has no jurisdiction over. We therefore suspend our own consideration of this claim pending final action by the ASBCA on Gary’s claims before it.
Therefore, following the judicial policies of avoiding piecemeal determinations and the possibility of inconsis *575 tent judgments, we suspend Gary's petition pending final ASBCA action on Gary’s claims over which it has jurisdiction. We do grant defendant’s motion for summary judgment on that portion of Gary’s fourth claim that requested full recovery of all legal and accounting fees it incurred in litigating its claims, and we dismiss that claim.
According to' the ASBCA order dismissing Gary’s claims, Gary has until August 30, 1981, to reinstate its appeals before that board. Upon reinstatement, and at intervals of 90 days thereafter, Gary is directed to file with the trial division of this court, a status report on the progress of its appeals before ASBCA. The trial division is to report and recommend when suspension is no longer appropriate and Gary’s claims are ripe for determination by this court.