**Joan L. HILL, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 79–85C.**

United States Claims Court.

June 27, 1985.

Audrey S. Feinberg, New York City, attorney of record for plaintiff.

Ronald A. Schechter, Washington, D.C., with whom was Acting Asst. Atty. Gen., Richard K. Willard, for defendant.

## OPINION

REGINALD W. GIBSON, Judge:

This opinion addresses defendant's motion to dismiss, under RUSCC 12(b)(1), for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1500 (1982). Plaintiff strenuously opposes the motion on the premise that the operative facts make § 1500 inapposite. For the reasons delineated hereinafter, and consistent with the intendment of 28 U.S.C. § 1500, this court is constrained to conclude that said statute is applicable and established precedent mandates that plaintiff's complaint must be dismissed for want of jurisdiction.

## FACTS

On May 24, 1982, Joan Hill enlisted for a 6-year term in the United States Army Reserve at Fort Hamilton in Brooklyn, New York. As an incentive entitlement to her enlistment, Joan Hill was concurrently assigned to the 407th CMI DET (DECON) as a Nuclear, Biological, and Chemical Specialist (NBC). Between May and November 1982, plaintiff allegedly attended approximately five required weekend drills and satisfactorily performed all tasks requested of her by the defendant. On November 12, 1982, Joan Hill was scheduled to ship out to begin basic training. However, during September 1982, and unbeknownst to Joan Hill, the NBC position was reclassified as a combat support position and closed to women. Thus, pursuant to her understanding, on November 12, 1982, Joan Hill reported to Fort Jackson to ship out for basic training. At this time, it was determined that plaintiff was underweight and therefore was required to re-report once she gained the weight. Thereafter, she gained the requested weight and reported on November 22, 1982, but certain responsible Fort Jackson personnel refused to see her. Nevertheless, on December 3, 1982, Army medical personnel examined plaintiff and concluded that she was then medically qualified. In spite of the foregoing, there were no reservations authorizing plaintiff to ship out for basic training. Finally, on December 8, 1982, Hill was informed that the NBC position was closed, however, she was not informed that the position closing did not apply to women who had already enlisted. At that time she was also informed that she was honorably discharged from the Army Reserve. On October 20, 1983, the Army reopened the NBC position to women.

As a result of the foregoing, on February 7, 1985, plaintiff, Joan Hill, filed a suit in the United States District Court for the

Eastern District of New York (EDNY). Subsequently, on April 10, 1985, the district court's complaint was amended to remove the United States, the Department of Defense, the Department of the Army, and the United States Army Reserve as defendants in the action.[1] As to legal theories, Count One of the amended complaint is brought against individuals,[2] *in their official capacity*, for violating Title VII of the Civil Rights Act. Count Two of the amended complaint, on the other hand, is brought against individuals, *individually and in their official capacity*, for sex discrimination, deprivation of the right to enforce contracts, and conspiracy to deprive the plaintiff of certain constitutional rights. The original EDNY complaint, in a single count, averred the same legal theories. Meanwhile, as to the relief claimed in the amended complaint, Count One seeks a declaration that the defendant unlawfully discriminated against plaintiff because of her sex. Also, Count One prays for back pay, actual, compensatory, incidental, and consequential damages in the amount of $230,000, reasonable attorney fees and costs. Count Two seeks a declaration that the defendants in their official capacity unlawfully discriminated against plaintiff because of her sex. Count Two also seeks a monetary award against defendants, individually, for back pay, actual, compensatory, incidental, and consequential damages in the amount of $230,000, plus punitive and exemplary damages in the amount of $230,000, as well as attorney fees, and costs.

Concomitantly with the filing in the EDNY, on February 7, 1985, plaintiff, Joan Hill, also filed a related suit in the United States Claims Court. The complaint here arises out of the identical set of operative facts as does the EDNY suit, inasmuch as at least 24 paragraphs of its operative facts are virtually identical to the EDNY complaint. In this court, plaintiff sets forth in four separate counts her legal theories upon which relief is grounded as follows: Count One alleges breach of express and implied agreement; Count Two alleges violation of 32 C.F.R. § 1323 and 10 U.S.C. § 511(d) (1980); Count Three alleges violation of 10 U.S.C. § 1168, 10 U.S.C. § 1162(a), Army Regs. 137–178 and the due process clause of the 5th Amendment; and Count Four alleges negligent performance of contractual obligations.

A close analysis of the complaints in the two jurisdictions discloses that the relief claimed in the Claims Court is virtually identical in all material particulars to the relief claimed in the EDNY complaint. Implicit in plaintiff's prayers to obtain the relief requested, is plaintiff's tacit request that the court find and declare as a fact that plaintiff was unlawfully discriminated against. Count One requests back pay, actual, compensatory, incidental, and consequential damages in the amount of $220,000, including costs and attorney fees; Counts Two through Four seek back pay, actual, compensatory, incidental, and consequential damages in the amount of $230,000, as well as exemplary and punitive damages in the amount of $230,000, attorney fees and costs.

Because of the apparent duplicative jurisdictional filings, on April 8, 1985, defendant filed its motion to dismiss the Claims Court suit for lack of jurisdiction pursuant to the mandate implicit in 28 U.S.C. § 1500 (1982). Therein, defendant asserts that the Claims Court suit must be dismissed because of four basic and fundamental reasons. First, the factual allegations in both cases are virtually the same. Second, although the plaintiff's amended complaint dropped the United States and certain governmental agencies as defendants, such action does not, *ipso facto*, avoid the scope of 28 U.S.C. § 1500 as she continues to maintain suit against government officials in their *official capacities*. Third, the relief sought in both courts is identical. Fourth, and final-

---

1. Pursuant to Fed.R.Civ.P. 15(c), the amendment of the district court's complaint relates back to the date of the original pleading.

2. The named individual defendants are William R. Berkman; John O. Marsh; Casper W. Weinberger; and certain unnamed federal officials.

ly, this court is ousted of jurisdiction when identical source facts are present and the claim for relief sought is also identical; and this is so notwithstanding the dichotomy between the legal theories espoused in the respective complaints. Consequently, defendant is under the firm belief that since this court is without jurisdictional power to hear this case, it necessarily has no power to stay proceedings here pending resolution of the issues in the EDNY.

On the other hand, plaintiff postures that defendant's motion to dismiss may not lie because of four equally compelling reasons. First, the EDNY complaint avers different causes of action, *i.e.*, legal theories. Second, the EDNY complaint is brought under different statutes. Third, the EDNY complaint is against different defendants. Fourth, and lastly, the EDNY complaint requests different relief. In the alternative, plaintiff requests that this court enter a stay or suspend proceedings pending a decision by the EDNY.

Pertinent to the foregoing, the court notes that plaintiff does *not* dispute two critical points. That is to say, plaintiff concedes that "Hill's two suits arise from the same events [but] they involve somewhat different facts." Also, plaintiff concedes that "[t]he most important prerequisite to the operation of § 1500's jurisdictional bar is that the two suits encompass the same 'claim.'" However, plaintiff defines the term "claim" to mean the legal theory upon which recovery is predicated; while, defendant argues that "claim" as contemplated in § 1500 "has no reference to legal theory," but rather refers to the relief sought.

Against this background, the threshold issue is whether different *legal theories* espoused in the two separate complaints,

arising out of virtually identical facts, are, *ipso facto*, sufficient to take this case outside of the bar of 28 U.S.C. § 1500, assuming the prayers for relief in both jurisdictions are virtually identical in all material particulars? Assuming that the threshold issue is answered in the negative, two other issues must of necessity be addressed. First, whether for purposes of 28 U.S.C. § 1500 the claims for relief in the separate complaints are significantly different? Second, whether for purposes of 28 U.S.C. § 1500 the defendants are sufficiently different so as to take this case outside of 28 U.S.C. § 1500? The answer to all three issues is—NO.

## DISCUSSION

We begin our legal analysis by noting that the jurisdictional restriction embodied in 28 U.S.C. § 1500 provides, in pertinent parts, as follows:

> The United States Claims Court *shall not* have jurisdiction of *any claim* ... in respect to which the plaintiff ... has pending[3] in any other court ... *against ... any person who ... was ... acting ... under the authority of the United States.* [Emphasis added.]

■ The purpose of this section is to require the plaintiff to make an election between a suit filed in the Claims Court and one brought in another court when the same basic "claim" is prosecuted against the United States, or an agent of the United States, in both courts simultaneously. *Matson Navigation Company v. United States,* 284 U.S. 352, 355–56, 52 S.Ct. 162, 164, 76 L.Ed. 336 (1932); *National Cored Forgings Co. v. United States,* 132 Ct.Cl. 11, 17–18, 132 F.Supp. 454, 458 (1955). Thus, the words "shall not" are an absolute

---

3. In paragraph No. 28 of her original Complaint, plaintiff averred that:

Simultaneous with the filing of this Complaint, Hill is filing a Complaint with the United States District Court for the Eastern District of New York claiming discrimination on the basis of sex.

*Tecon Engineers, Inc. v. United States,* 170 Ct.Cl. 389, 343 F.2d 943 (1965), *cert. denied,* 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966),

teaches that section 1500 should be given a reasonable and just construction, not a doctrinaire or purely technical one. It is certainly reasonable, on these facts, to find that where complaints are "simultaneously" filed in two *separate courts,* as averred by plaintiff, there is a complaint "pending in any other court" (*i.e.,* EDNY) as contemplated by § 1500 when the Claims Court complaint is filed here. *Id.* and cases cited therein at n. 4.

bar depriving this court of any discretion, whatsoever, when duplicative claims are filed. *Smith & Wesson, Inc. v. United States*, No. 620–84C, slip op. at 4 (Unpub. Cl.Ct., Nov. 30, 1984).

*Legal Theories Are Not Determinative*

So as to extricate herself from the reach of the statute, plaintiff has meticulously weaved an intricate web of esoterical legal theories, in multiple counts and in both courts, ostensibly supportive of her position that the duplicative "claim[s]" sought to be barred by § 1500 are those with identical *legal theories*. From the panoply of different legal theories proffered in the two jurisdictions, plaintiff therefore strenuously argues that such claims (legal theories), in the Claims Court, are clearly not "pending in any other court", *i.e.* EDNY, because the legal theories are different. To the foregoing this court simply states that obligatory precedent requires us to hold that plaintiff's position is thoroughly misplaced.

■ This conclusion is compelled because it is settled law that different *legal theories* advocated in separate complaints pending before different courts are *not* relevant to the determination of whether the same "claim" is before this court. In *British American Tobacco Co. v. United States*, 89 Ct.Cl. 438, 440 (1939) (per curiam), cert. denied, 310 U.S. 627, 60 S.Ct. 974, 84 L.Ed. 1398 (1940), in which the plaintiff brought a contract action in the predecessor Court of Claims after suing on a tort action in the district court, the predecessor Court of Claims succinctly stated that:

> [I]t is clear that the word "claim," as used in section 154 [now 28 U.S.C. § 1500] ... *has no reference to the legal theory upon which a claimant seeks to enforce his demand* if it appears, as it does here, that the defendant in a suit in

another court was, ... in respect of which the claim was made, acting mediately or immediately upon the authority of the United States. [Emphasis added]

Similarly, in *Los Angeles Shipbuilding & Drydock Corp. v. United States*, 138 Ct.Cl. 648, 652, 152 F.Supp. 236, 238 (1957), where the legal theory in the Court of Claims was "account stated" and in the district court the "refund of income and excess profits taxes," the Court of Claims reached the same conclusion, and there stated, in pertinent part, that:

> [T]he issue in *both cases* is whether plaintiff overpaid its taxes....
>
> We are of the opinion that the plaintiff is incorrect and proceeds under a misapprehension when it says that the " * * * claim [of account stated] is not before the District Court at all * * *." Plaintiff would more accurately state the situation if it said it has not put the *theory* of account stated before the District Court. *The claim involved is for the refund of taxes and that claim is before both courts. The theory advanced to sustain the claim is quite another matter and not determinative of the jurisdiction of this court.* [Emphasis in original and added]

Plaintiff, Joan Hill, cites the court to no binding precedent holding that the assertion of different legal theories in the two jurisdictions takes this case outside of the bar of § 1500. Given the above, plaintiff's reliance upon different legal theories is not an impediment to the application of § 1500.[4]

*Same "Claim" Is Pending Before Both Courts*

■ Contrary to plaintiff's position, the term "claim" as used in 28 U.S.C. § 1500 has been construed to encompass actions which have the same operative facts and request the same substantive relief.[5] In

---

4. This court does not chose to follow *Arizona Helicopters, Inc. v. United States*, 4 Cl.Ct. 662 (1984), in which a stay was ordered on distinguishable facts.

5. "The term 'cause of action' was equated to 'claim' in *British American Tobacco Co. v. United States*, 89 Ct.Cl. 438, 440 (1939), *cert. denied*, 310 U.S. 627 [60 S.Ct. 974, 84 L.Ed. 1398] (1940)...."; *National Cored Forging Co. v. Unit-*

*British American Tobacco Co.*, 89 Ct.Cl. at 440, a case in which the plaintiff sought monetary damages in both suits, the predecessor Court of Claims also stated that:

A recital of the operative facts relied upon by a claimant does not state two separate and distinct causes of action merely because such facts may set up a liability both in tort and contract. The terms "conversion" used in the suit in the District Court and "taking of property without just compensation" in the suit in this court were obviously used by plaintiff for the purpose of attempting to adapt the single claim to the jurisdiction of the different courts in which the claim was being urged, but *the use of these terms does not obscure the unity of sameness of the claim.* [Emphasis added]

In a case cited by plaintiff, *Truckee-Carson Irrigation District v. United States,* 223 Ct.Cl. 684, 685 (1980), no comfort can be found on her facts because that case held in favor of the plaintiff where the complaint in the Court of Claims alleged identical facts as did the complaint in the other jurisdiction. In *Truckee-Carson,* the Court of Claims stated that:

"It is clear that defendant's motion cannot be granted under 28 U.S.C. § 1500. Though related to the present action, the Nevada District Court suit seeks only injunctive and declaratory relief, not monetary redress. Here, monetary compensation is alone sought. It is settled law that § 1500 does not bar a proceeding in this court, asking monetary relief, if the other pending suit seeks only affirmative relief such as an injunction or a declaratory judgment." [6]

*Id.* That case is obviously factually distinguishable from the case at bar.

In the instant case, plaintiff concedes that she advances the same operative facts here which underlie the EDNY complaint, *supra.* From these operative facts, plaintiff alleges gender based discrimination in employment and breach of contract. Also, the prayers for relief advanced by the plaintiff in each action request essentially the same type of relief. Plaintiff is clearly not presented here with the unique facts that existed in *Truckee-Carson, supra.* Rather, the identical prayers for relief in each suit seek monetary damages.

Although the relief sought in the district court additionally requests a declaration that defendants unlawfully discriminated against plaintiff because of her sex (not prayed for here), such a declaration would not on the facts here preclude the application of 28 U.S.C. § 1500. As noted previously, 28 U.S.C. § 1500 does not bar a proceeding in this court asking monetary relief, if the other pending suit *seeks only* affirmative relief such as an injunction or a declaratory judgment. The policy reason underlying this position is the belief that a plaintiff should not be denied monetary damages here when he also chooses to pursue equitable relief elsewhere. *Santa Clara v. United States,* 215 Ct.Cl. 890, 893 (1977). However, such a situation is not presented to this court in the case at bar inasmuch as plaintiff's district court claim embodies *not only* a request for affirmative relief (*i.e.,* a declaratory judgment) *but it also* seeks *all* of the monetary relief requested in the Claims Court.[7] Moreover, to obtain the relief requested in the Claims Court complaint, plaintiff in effect tacitly

---

*ed States,* 132 Ct.Cl. at 19, 132 F.Supp. at 459 (1955); and *Dwyer v. United States,* 7 Cl.Ct. 565 (1985).

**6.** *Santa Clara v. United States,* 215 Ct.Cl. 890 (1970), and *Pitt River Home & Agricultural Cooperative Association v. United States,* 215 Ct.Cl. 959 (1977), relied upon by plaintiff in her brief in opposition to defendant's motion to dismiss, merely support this truism.

**7.** Plaintiff's reliance upon *Gary Aircraft Corp. v. United States,* 226 Ct.Cl. 568 (1981); *Deltona*

*Corp. v. United States,* 222 Ct.Cl. 659 (1980); *Truckee-Carson Irrigation District v. United States,* 223 Ct.Cl. 684 (1980); *Allied Materials & Equipment Co. v. United States,* 210 Ct.Cl. 714 (1976) (extraordinary remedies available under Anti-Trust Act); *Camero v. United States,* 170 Ct.Cl. 490, 345 F.2d 798 (1965); and *Casman v. United States,* 135 Ct.Cl. 647 (1956), is misplaced as there was *no* comparable overlap in the relief sought in those actions.

requests the court to find and declare as a fact that plaintiff was unlawfully discriminated against. As a result, it seems clear that plaintiff is not placed in the posture of foregoing any relief implicit in her claim(s) under the EDNY complaint by reason of the jurisdictional bar to the complaint filed ' here.

Furthermore, it would be amiss for this court to permit additional averments, proffered as afterthoughts, to circumvent the scope and purpose of 28 U.S.C. § 1500. Such countenance would inescapably lead to absurd results. For example, the plaintiff could, if permitted, always avoid the impediment(s) of 28 U.S.C. § 1500 by simply alleging innocuous averments in the district court not asserted in the Claims Court. As a result, duplicative suits would be maintained in each court which is exactly the situation that 28 U.S.C. § 1500 is intended to prevent. *Smith & Wesson, Inc. v. United States,* No. 620–84C, slip op. at 6 (Unpub.Cl.Ct., Nov. 30, 1984).

The same operative facts underlie the Claims Court complaint and the EDNY complaint. Also, the EDNY complaint requests the same type of relief prayed for in the Claims Court. We conclude, in view of the foregoing findings, that the actions pending in the two courts impermissibly encompass the same "claim" (*i.e.,* relief) as envisioned by 28 U.S.C. § 1500. *See British American Tobacco Co. v. United States,* 89 Ct.Cl. 438; *A.C. Seeman, Inc. v. United States,* 5 Cl.Ct. 386 (1984).

*Defendants Are Sufficiently Similar To Come Within 28 U.S.C. § 1500*

To effectuate the purpose of 28 U.S.C. § 1500 in preventing duplicative suits from being maintained, the language therein is also sufficiently broad so as not to permit the same defendants to be charged in each suit for the same relief. Thus, the statute applies to bar the Claims Court action when the United States is sued here and any person who was acting under the authority of the United States is the defendant in another court in his/her *official capacity.* Otherwise, by permitting a plaintiff to sue an individual who was acting under the authority of the United States would, in effect, be tantamount to permitting a plaintiff to maintain duplicative suits against the United States.

In this case, plaintiff attempts to avoid the ambit of 28 U.S.C. § 1500 by amending her EDNY complaint to delete the United States and the respective governmental agencies as defendants. Such action will not avoid the plain language of the statute as interpreted by the United States Supreme Court.

In *Corona Coal Co. v. United States,* 263 U.S. 537, 540, 44 S.Ct. 156, 68 L.Ed. 431 (1924), the Supreme Court was confronted with an analogous situation in which the plaintiff's petitions were similar in all material respects, except the United States was being sued in the Court of Claims and a governmental agent was being sued in the district court elsewhere. The Supreme Court held that 28 U.S.C. § 1500 was applicable as the action fell within the terms of the statute.

## CONCLUSION

Given the foregoing, as well as the fact that the complaint in the EDNY is still pending and in particular the mandatory language of 28 U.S.C. § 1500, this court is constrained to hold that it lacks jurisdiction of the February 7, 1985 pleading filed here. Absent jurisdiction, this court has no power to stay proceedings pending resolution of the issues in the Eastern District of New York. Consequently, the clerk shall dismiss plaintiff's complaint without prejudice, in that defendant's motion to dismiss is granted.

IT IS SO ORDERED.