"These identical cases come before the court, without oral argument, on defendant’s motions to dismiss plaintiffs’ claims because of lack of jurisdiction of the subject-matter. The petitions assert that decedents, third party creditors and beneficiaries of a contract between the United States and various contractors and subcontractors, while themselves under contract to perform special services for the United States, died aboard an Air Force aircraft which crashed over the high seas on June 13, 1971. A class action on behalf of all heirs of the victims of this crash, who had not been represented by a personal representative, was certified in the District Court for the Central District of California shortly before the statute of limitations would have run. Thereafter, the class was decertified with the members being given the opportunity to file motions for leave to intervene in actions pending prior to the decertification order’s effective date. On August 23, 1976, both plaintiffs’ motions to intervene in consolidated cases before the District Court for the Central District of California were granted. A motion by the United States to dismiss *1024 each complaint was then submitted, early in 1977, to that District Court; one ground for this motion was the lack of jurisdiction of the District Court. Plaintiffs then instituted these actions in the Court of Claims on June 10, 1977. On September 1, 1977, the District Court issued its order dismissing plaintiffs’ suits there against the United States on the ground that the action could be maintained in the District Court only under the Suits in Admiralty Act, 46 U.S.C. §§ 741-52, and that the jurisdictional bar of that Act had already fallen. Hoar, et al. v. Ling-Temco-Vought, Inc., Civil No. 72-1294-ALS, S.D. Calif.
"In this court, plaintiffs assert, on information and belief, that decedents and the government 'agreed’ that the aircraft was airworthy prior to its boarding by decedents. The crash and decedents’ consequent loss of life are said to constitute a material breach of the contract to provide an airworthy and safe airplane, for which damages of $3,000,000 are sought. Defendant’s current motions to dismiss assert that this court lacks subject-matter jurisdiction over these claims for two reasons: (1) the pending suit against the United States in the other court on the same claim precludes this court’s jurisdiction under 28 U.S.C. § 1500 (1970); and (2) in any event, these claims sound in tort and are thus beyond our jurisdiction under 28 U.S.C. § 1491 (1970). Plaintiffs originally requested that we deny the government’s motions to dismiss and defer further action on their claims before this court, pending a decision by the District Court. Such a stay of proceedings was necessary, it was alleged, to avoid the predicament that could be caused by the dismissal of their suits in the District Court for jurisdictional reasons after the statute of limitations had run, thereby precluding the refiling of their suits in this court; in these circumstances, it was said, dismissal of plaintiffs’ claims in this court would bar them from having their claim heard in any court.
"However, now that the District Court cases against the United States have been dismissed for lack of jurisdiction, the bar of 28 U.S.C. § 1500 is no longer applicable, and that ground of defendant’s motion to dismiss must be denied. Brown v. United States, 175 Ct. Cl. 343, 348-49, 358 F.2d 1002, 1004-05(1966).
*1025 "The question remains whether suit in this court may be sustained on a contract theory or whether each action here is barred as one which 'smacks more of tort than of nontortious obligation.’ Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 609, 372 F.2d 1002, 1010 (1967). As a result of discovery undertaken by plaintiffs it is now clear that no contract of employment existed between either decedent and the United States at any relevant time. Both decedents were aboard the crashed aircraft in the capacity of employees of independent contractors of the United States. The Government has expressly so represented in response to plaintiffs’ motions for discovery of any contracts between the decedents and the United States, and plaintiffs have given us no reason whatever to question the defendant’s formal representation to the court.[1]
"Nor is there any basis in the circumstances for finding an implied-in-fact contract between decedents and the Federal Government. As employees of independent contractors with the Government decedents would not normally have any contractual relationship with the United States — any more than would the employees of the thousands of other independent contractors with the Federal Government — and plaintiffs have presented nothing to suggest otherwise. That decedents perished while flying on an Air Force plane could conceivably suggest some tortious liability on the part of the Government but it would not in itself predicate an implied-in-fact contract. See Bigby v. United States, 188 U.S. 400 (1902) (denying contractual theory of recovery for injuries resulting from the Government’s ownership and operation of an elevator in a public building). Accordingly, the only possible claim would be tortious in nature, and since Congress has withheld from this court original jurisdiction over tort suits against the Government (Eastport S.S., supra; 28 U.S.C. § 1346(b)), we would lack subject matter jurisdiction of such a tort claim.
*1026 "it is therefore ordered and concluded that defendant’s motions[2] are granted and the petitions are dismissed.”
Plaintiffs’ motion for rehearing and to set aside order was denied April 4, 1978.

 For this reason we deem plaintiffs’ motions of November 21, 1977 to compel discovery of contracts to have been complied with by the defendant, and deny any further order on those motions.

 Since we have considered matters outside the pleadings, we treat defendant’s motions to dismiss as motions for summary judgment. Rule 38(b).