This case involves a claim for the refund of monies collected by defendant, under allegedly faulty regulations, as reimbursement for its costs in processing plaintiffs environmental impact statements (EISs). Cf. Alyeska Pipeline Service Co. v. United States, 224 Ct. Cl. 240, 624 F.2d 1005 (1980) (alleged flaw was the absence of regulations). Defendant moves for dismissal of plaintiffs petition due to unripeness or for a stay of proceedings due to the pendency of proceedings elsewhere. We grant defendant’s motion for stay.
Plaintiff is a Neveda corporation, operating as an electric utility in Nevada, Arizona and Utah, and is the sponsoring entity for the construction of the proposed Allen-Warner Electric Generation and Transmission System to be built in southern Utah. As part of the procedure for obtaining necessary rights-of-way over public lands, plaintiff filed various EISs with the Bureau of Land Management, and the Bureau, under the authority of section 201 of the Public Land Administration Act, 43 U.S.C. § 1371 (1970) (supersed *784 ed by section 304 of the Federal Land Policy and Management Act of 1976, 43 U.S.C. § 1734 (1976)), and regulations promulgated thereunder, assessed plaintiff for the costs of processing them. Defendant conditioned the issuance of the rights-of-way on payment of the assessments and collected a total of $1,404,052.34, an amount that plaintiff claims is excessive.
Plaintiffs action in this court is one of two related actions arising from these assessments. Plaintiff has already won declaratory and injunctive relief, in the District Court for the District of Utah, that defendant’s regulations on the collection of EIS processing costs are invalid and unenforceable. Nevada Power Co. v. Watt, 515 F.Supp. 307 (D. Utah 1981). Plaintiff comes to this court for the monetary side of the relief it seeks because the amount claimed, exceeding $10,000, is outside the district court’s jurisdiction. 28 U.S.C. § 1346(a)(2) (Supp. III 1979).
Before us now are defendant’s alternative motions for dismissal or for stay. Stay is requested because defendant has appealed the district court decision to the Tenth Circuit, which appeal is still pending, and defendant fears inconsistent judgments. Dismissal is requested on the ground that plaintiffs claim will not be ripe until the old regulations are reinstated by the Tenth Circuit or until the Secretary of the Interior (Secretary) puts forth new ones. Plaintiff responds that the matter is indeed fit for judicial determination and that the relief sought in this court is sufficiently different from the relief sought in plaintiffs related case so that the concurrent pursuit of both actions would not create a conflict. Further, plaintiff asserts that the matters decided by the district court should be res judicata in this court because the Tenth Circuit has not stayed execution of the district court’s decision during the pendency of defendant’s appeal.
In granting defendant’s motion for stay, we note that there are several reasons why this court should not proceed now to determine the proper amount for plaintiffs reimbursement. First, we stress that in the posture of this case we are a court of review and that it is for the Secretary to make the initial assessment of the amount of reimbursement owed. 43 U.S.C. § 1372 (and section 1734 which *785 superseded it). Since the Secretary’s original determination was vacated by the district court, the case comes to us without it. We decline to put ourselves in the position of doing what the Secretary should do and will wait until the Secretary’s assessment is reinstated by the Tenth Circuit or until another is made. Second, we think that it would be improper to proceed until the old regulations are restored or until new ones are put forth. We read section 1372 (and 43 U.S.C. § 1740 as it applies to section. 1734) to require that assessments of costs be made on criteria provided by regulations. Cf. Alyeska Pipeline Service Co. v. United States, supra. (regulations necessitated by the Independent Office Appropriations Act, 31 U.S.C. § 483a (1976)). Third, we see no reason to risk inconsistent decisions on the common issues of these related cases. For example, if this court were to compute a refund for plaintiff in some amount and were to grant it, and if the Tenth Circuit were then to reverse the district court’s rejection of defendant’s regulations and hold that no refund was proper, there would be irreconcilable judgments from courts of equal rank on precisely the same issue. Finally, defendant’s reply filed November 24, 1981, states that it will comply with the district court order if it is upheld on appeal and that the Secretary will refund to plaintiff any funds he believes to be due. At that point the matter would be ripe for judicial review if plaintiff is not satisfied.
We stay proceedings instead of dismissing plaintiffs petition because plaintiff fears a future statute of limitations problem. There has been no argument on the time of accrual of a cause of action like plaintiffs, and we have no opinion on the matter at this time, but we recognize plaintiffs concern and allow for it. See, e.g., Hoar v. United States, 215 Ct. Cl. 1023 (1978).
In sum, we retain this case to protect plaintiff from a future limitations problem, but "[w]e do not believe it to be in the best interests of comity, justice or judicial administration for us to 'leap in’ at this point.” City of Santa Clara v. United States, 215 Ct. Cl. 890, 893 (1977); Saunders v. United States, 223 Ct.Cl. 777 (1980); Truckee-Carson Irrigation Dist. v. United States, 223 Ct.Cl. 684 (1980). See Partridge v. United States, 219 Ct.Cl. 681 (1979).
*786 Accordingly, defendant’s motion for stay is granted. This stay is without prejudice to any defense that defendant may have.
it is hereby ordered, upon consideration of the pleadings, defendant’s alternative motions and plaintiffs opposition thereto, without oral argument, that defendant’s motion to dismiss is denied and that defendant’s motion to stay these proceedings is granted. These proceedings are stayed and counsel for the parties are ordered to notify this court of the decision of the Tenth Circuit, within 90 days of the date it becomes final, and to file appropriate motions with this court at that time.