**Ray A. ARMSTRONG**

v.

**The UNITED STATES.**

No. 550–83C.

United States Claims Court.

Jan. 10, 1984.

Ray A. Armstrong, Wise, Va., plaintiff, pro se.

Robert A. Reutershan, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## MEMORANDUM OPINION

REGINALD W. GIBSON, Judge:

Defendant filed, on October 31, 1983, a Motion To Dismiss Or, In The Alternative, To Stay Proceedings, pursuant to RUSCC 12(b)(1) and 28 U.S.C. § 1500.

The factual premise of said motion is that on March 26, 1982, plaintiff filed a suit in the United States District Court for the Western District of Virginia praying for reinstatement, back pay and attorney's fees resulting from an alleged wrongful and unwarranted removal, on January 4, 1979, from his position as Coal Mine Inspector with the Mine Safety and Health Administration, Department of Labor.

Notwithstanding the foregoing district court suit, plaintiff filed a complaint in this court on August 31, 1983, bottoming jurisdiction on the Tucker Act, 28 U.S.C. § 1491, and the Back Pay Act, 5 U.S.C. § 5596, demanding that he also be "awarded back pay ... counsel fees, costs, and other litigation expenses ... and/or *that he be reinstated to his former position as Coal Mine Inspector ....*"

However, prior to filing the complaint in this court, plaintiff filed, on July 8, 1983, a Motion For Leave To Amend The Complaint previously filed in the district court modifying the relief initially requested by withdrawing any and all claims for *monetary* relief and reasserting only his claim for reinstatement and other non-monetary relief (citing *Phillips v. Bergland*, 586 F.2d 1007 (4th Cir.1978) and *Smith v. United States*, 228 Ct.Cl. 168, 654 F.2d 50, 53 (1981)). Said motion was granted by the magistrate handling the case.

Defendant moves for dismissal of the action in this court due to lack of jurisdiction, or alternatively for a stay of proceedings pending final resolution of the *non-monetary* claims pending in the district court. *Pro se* plaintiff opposes defendant's motion to dismiss, and requests that further proceedings be suspended in this court until a final decision is entered on the non-monetary claims in the district court. For the reasons delineated hereinafter, we grant a stay.

## DISCUSSION

Dismissal is specifically requested by defendant on the authority of 28 U.S.C. § 1500, in that said section deprives the Claims Court of jurisdiction to decide any claim filed of which, or in respect of which, plaintiff also has pending in any other court against the United States. The court agrees with defendant, to the extent that the claims plaintiff makes here are still pending in the district court. This court therefore lacks jurisdiction to decide the "reinstatement" element of plaintiff's claim, which continues to be pending in the district court. On the other hand, because plaintiff no longer has a claim for monetary relief pending in the district court, we are not precluded from exercising jurisdiction over plaintiff's claim for monetary relief

here. *See Casman v. United States,* 135 Ct.Cl. 647 (1956).

It is important to emphasize, however, that the purpose of 28 U.S.C. § 1500 is to require a plaintiff to elect a forum in which to litigate his claim against the United States and to preclude duplicitous, if not vexatious, litigation. *Casman,* 135 Ct.Cl. at 648–49.

Plaintiff's entitlement to relief, if any, in this court obviously turns on whether he obtains a favorable resolution of the non-monetary issues in the district court. Thus, this court must await a final adjudication of plaintiff's non-monetary entitlements in the district court; otherwise, it is conceivable that inconsistent judgments could be entered if both courts proceed simultaneously.[1] We also note that the conduct complained of appears to have occurred on January 1, 1979, at which time the cause of action accrued to plaintiff. If this court were to grant defendant's motion to dismiss, without prejudice, *pro se* plaintiff could very well face a statute of limitations problem in this court upon refiling herein after final judgment in the district court.

Because dismissal under the extant circumstances would not appear to further or promote judicial efficiency, and because of the added fact that plaintiff here is *pro se,* sound discretion compels this court to deny defendant's motion to dismiss in part, to the extent that it covers plaintiff's claim for back pay and attorney's fees, and order a suspension of the proceedings until 30 days after notification of final judgment on the action filed in the district court. *See Nevada Power Company v. United States,* 229 Ct.Cl. 783, 785 (1982); *Smith v. United States,* 228 Ct.Cl. at 174, 654 F.2d 50. Defendant's motion to dismiss shall be granted in part, without prejudice, to the extent that it relates to plaintiff's claim for reinstatement.

IT IS SO ORDERED.

1. For example, if this court proceeds and grants back pay, etc., the district court could very well find that plaintiff was lawfully dis-charged. Thus this court's judgment would be incongruent.