Thomas William **IRELAND**

v.

The **UNITED STATES.**

No. 602–86C.

United States Claims Court.

Feb. 12, 1987.

Michael J. Kator, Washington, D.C., for plaintiff.

Stephen J. McHale, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

LYDON, Judge:

In this civilian pay case, defendant has moved to dismiss plaintiff's complaint on the ground the court lacks jurisdiction under 28 U.S.C. § 1500 (1982) over the claim asserted therein because plaintiff has a like claim pending in another federal court. Plaintiff opposes this motion. Defendant's motion is granted.

---

**1.** In his September 26, 1986 complaint filed in this court, plaintiff challenges his March 1954

## I.

Under 28 U.S.C. § 1500, this court "shall not have jurisdiction of any claim for or in respect to which plaintiff * * * has pending in any other court any suit or process against the United States * * *" stating a like claim. In his complaint to this court, filed on September 26, 1986, plaintiff challenges the validity of his removal from his position as a Foreign Service Staff Officer, Department of State in March 1954. However, plaintiff had filed a complaint on August 31, 1984, in the United States District Court for the District of Columbia challenging the validity of his March 1954 removal (*Ireland v. Schultz,* Civil Action No. 84–2381). On April 29, 1986, the District Court rejected plaintiff's wrongful termination claim based on denial of his right to pretermination hearing, *inter alia,* and dismissed plaintiff's complaint.[1] Plaintiff on May 29, 1986, noticed an appeal of the final judgment of the District Court dismissing his complaint to the United States Court of Appeals for the District of Columbia Circuit.

In both his September 26, 1986 complaint in this court and in his August 31, 1984 complaint in the District Court, plaintiff challenged the validity of his 1954 removal. In his District Court complaint, plaintiff sought reinstatement and monetary relief. On May 14, 1986, however, plaintiff amended his District Court complaint to seek only reinstatement and advised he did not seek any back pay.

Following the filing of his complaint on September 26, 1986 in this court, plaintiff moved to stay further proceedings in the Court of Appeals pending resolution of his claim set forth in the September 29, 1986 complaint. The Court of Appeals granted plaintiff's stay motion on October 21, 1986.

Defendant's motion to dismiss was filed on November 25, 1986.

## II.

The jurisdictional provision in issue, 28 U.S.C. § 1500, has been the subject of com-

removal on the ground that he was denied his right to a pretermination hearing.

ment and criticism. *See Schwartz, Section 1500 of the Judicial Code and Duplicate Suits Against the Government and Its Agents*, 55 Geo. L.J. 573 (1967) and *A.C. Seeman, Inc. v. United States*, 5 Cl.Ct. 386, 389 (1984). However, it remains "on the books" and cannot be ignored. *Dwyer v. United States*, 7 Cl.Ct. 565, 567 (1985).

One approach to section 1500 situations is to determine if its stringent application, dismissal of the complaint, would serve the interests of justice. Accordingly, if the statute of limitations might present a future problem, a suspension of proceedings may provide a better result than out right dismissal of a complaint. *See Armstrong v. United States*, 4 Cl.Ct. 269, 271 (1984). Another approach is transfer of the case back to the District Court as an alternative to outright dismissal of a complaint. *See Martin v. United States*, 7 Cl.Ct. 287, 288–89 (1985). Still another approach, which favors a suspension of proceedings, is the emphasis placed on differences in types of actions, statutes and relief sought in the competing courts. *See Arizona Helicopters, Inc. v. United States*, 4 Cl.Ct. 662 (1984). There is no concensus in the decisions relative to these approaches. *See Dwyer v. United States, supra*, 7 Cl.Ct. at 568; *A.C. Seeman, Inc. v. United States, supra*. At oral argument, plaintiff requested that the court at the very least merely suspend proceedings in this case until the District Court action is finalized. At present, application of section 1500 appears to rest at times on an "ad hoc" approach to the circumstances at hand. After due consideration, the court concludes that the case at bar does not present circumstances which would cause the court to ignore or side-step the application of 28 U.S.C. 1500. The facts, as set forth in the submissions of the parties, in this civilian pay case call for its application.

In his response to defendant's motion to dismiss, plaintiff stresses the fact that by his amended complaint in the District Court he eliminated any claim for back pay. Thus, his only claim before the District Court was one for reinstatement to his position on the ground his removal therefrom was illegal.[2] His claim before this court, which is also based on the illegality of his March 1954 removal, plaintiff stresses, is only for money, i.e., backpay. Therefore, plaintiff contends the relief he seeks in this court is different from the relief he seeks in the District Court. Plaintiff's argument is unpersuasive.

Comity dictates that in a situation such as this, the District Court, where the claim action was first filed, should dispose of the litigation, with the Claims Court action to be dismissed. *See Tecon Engineers, Inc. v. United States*, 170 Ct.Cl. 389, 399, 343 F.2d 943, 945 (1965), *cert. denied*, 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966). One should not overlook the fact that plaintiff selected the District Court first to challenge his March 1954 removal. His Claims Court action was filed after he received an adverse decision from the District Court on his removal challenge. Such a sequence, without more, does not favor plaintiff's arguments.

The basic claim before this court and now before the Court of Appeals is the validity of plaintiff's March 1954 removal. Thus, the same claim is pending in two different courts. This situation falls squarely within the purpose, intendment and language of 28 U.S.C. § 1500.

Facing plaintiff's argument head-on, the fact that a different type of relief, i.e., reinstatement is sought in the District Court whereas only monetary relief is sought in this court does not put him outside the pale of 28 U.S.C. § 1500. Whatever appeal this argument may have had is lost on close analysis.

**2.** Plaintiff was removed from his position in March 1954, almost 33 years ago. Defenses of statute of limitations and laches are lurking in unfiled responsive pleadings in this case. The District Court, in its April 29, 1986 Memorandum Opinion, rendered on a "trial record", rejected defendant's statute of limitations defense. Laches, as a defense, was not mentioned in the District Court opinion, but the District Court did observe that as to a critical meeting, "Not surprisingly, after 30 years the supervisor had no recollection of the meeting."

If plaintiff is successful in persuading the Court of Appeals that the District Court holding that his March 1954 removal was improper, that action would entitle him to monetary relief under the Back Pay Act, 5 U.S.C. § 5596 (1982).[3] Thus, the District Court action, mandated by the Court of Appeals, could result in a monetary recovery by plaintiff akin to the monetary recovery sought in the Claims Court action. On this understanding, plaintiff's stress on the lack of a monetary claim in the District Court action is misplaced. The District Court action has the potential to give him all the monetary relief to which he would be entitled if his removal action is set aside.

Further, the final determination reached on the District Court's judgment on plaintiff's removal action may act as an estoppel as to the same issue, i.e., the propriety of plaintiff's removal action, now set forth as a claim in plaintiff's complaint filed in this court. The fact that the relief sought in the District Court is different from the relief sought in this court is immaterial in this regard. Plaintiff may be hard pressed to obtain monetary relief in this court if the Court of Appeals upholds the District Court judgment that plaintiff's removal in March 1954 was proper. Likewise, the defendant may be hard pressed to defeat any monetary claim, should it be necessary to do so, in this court, if the Court of Appeals

were to reverse the District Court and find plaintiff's March 1954 removal improper. *See Edgar v. United States*, 145 Ct.Cl. 9, 12–16, 171 F.Supp. 243 (1959). These circumstances do not favor ignoring or sidestepping 28 U.S.C. § 1500 in this civilian pay case. Indeed, in civilian pay cases generally, the application of 28 U.S.C. § 1500 to like claims pending in both the Claims Court and another federal court seems most appropriate and, more importantly, definitely serves the interests of justice.

One final point deserves mention. As pointed out in *Armstrong v. United States, supra*, a case relied on by plaintiff, the court emphasized "that the purpose of 28 U.S.C. § 1500 was to require a plaintiff to elect a forum in which to litigate his claim against the United States and to preclude duplicitous, if not vexatious, litigation. *Casman [v. U.S.]*, 135 Ct.Cl. [647] at 648–49 [1956]" (4 Cl.Ct. at 271).[4] Retention of this case on the court's docket under the circumstances of this case would undermine this purpose.

## III.

Upon consideration of the briefs of the parties, after oral argument, and for the reasons set forth above, defendant's mo-

---

**3.** The Back Pay Act provides that on correction of an erroneous personnel action, e.g., removal from a position, by an "appropriate authority", which includes a federal court, an employee of an executive agency of the federal government is entitled to receive an amount equal to all or part of the pay, allowances or differentials * * that the employee normally would have earned. *See Polos v. United States,* 231 Ct.Cl. 929, 930–31 (1982). The fact that the back pay award is received from the agency involved does not detract from the fact that it may originate from the action of a federal court correcting an erroneous personnel action by finding a removal to be illegal or improper.

**4.** As of the date plaintiff filed his complaint in the District Court, this court had jurisdiction in civilian pay cases to order reinstatement of an improperly removed employee of the executive branch of government as well as award a money judgment. *See* 28 U.S.C. § 1491(a)(2). As a result, the filing of suit in this court, after re-

ceiving an unfavorable District Court decision does seem to involve duplicitous litigation, especially where the same claim, i.e., improper removal, is central to the complaints in both courts. Plaintiff, on oral argument, advised that the uncertainty present in the language of the District Court's Memorandum Opinion was such that institution of suit in this court was at the very least prudent. If, as plaintiff suggests, the District Court's refusal to grant plaintiff restoration rights was jurisdictional, and such a holding is acknowledged by and accepted by the Court of Appeals, the parties can request a transfer of the case, if such is deemed appropriate and in the interests of justice, under 28 U.S.C. § 1631 (1982). Such a course of action will remove the "curse" of having the same claim pending at the same time in two different courts. Oral argument reinforced the court's view that the interests of justice at this point in time would best be served by action of the Court of Appeals on plaintiff's notice of appeal of the District Court's judgment.

tion to dismiss is granted and plaintiff's complaint is to be dismissed. No costs.