**MARSHALL LEASING, INC., Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**No. 156–87C.**

United States Claims Court.

Oct. 2, 1987.

Ronald H. Hoevet, Portland, Or., for plaintiff.

Paul J. Ehlenbach, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

---

## OPINION

FUTEY, Judge.

Plaintiff is an automobile leasing company seeking monetary relief under the Tucker Act for the administrative forfeiture of one of its automobiles by agents of the United States Drug Enforcement Administration (DEA) pursuant to 19 U.S.C. § 1608. Defendant has moved to dismiss the complaint on the ground that plaintiff has an almost identical complaint pending in a U.S. District Court, thereby precluding this court's jurisdiction under 28 U.S.C. § 1500. For the reasons discussed hereinafter, the court grants defendant's motion to dismiss.

### Factual Background[1]

Plaintiff, a Washington State corporation, was the owner or holder of a security interest in a 1984 Mercedes Benz automobile which was conveyed to a Mr. Gaudry, a resident of Multnomah County, Oregon, under an original sales/repurchase agreement which granted Mr. Gaudry a purchase option exercisable by November 6, 1986. This automobile was seized by Multnomah County deputies and DEA agents on October 7, 1984, as the product of a joint narcotics investigation. A forfeiture action was subsequently filed by Multnomah County in an Oregon court alleging that the Mercedes had been used to facilitate two drug violations. Plaintiff intervened in that action as a party in interest to contest the forfeiture.

On July 16, 1985, however, prior to the resolution of that action, plaintiff received notice from the DEA that its agents had seized the Mercedes on June 12. In August 1985 the automobile was administratively forfeited pursuant to 19 U.S.C. § 1608 and § 1609. Plaintiff filed a petition for mitigation or remission of forfeiture which was denied by the DEA, and a petition for reconsideration which was also denied.

On January 14, 1987, plaintiff filed a complaint in the United States District Court for the District of Oregon against the United States, and its Department of Justice and Drug Enforcement Administration, in the form of an appeal from the denial issued by the DEA and a collateral attack against the administrative forfeiture. As amended on April 21, 1987, this complaint alleged that defendant violated the judicial foreclosure proceeding and notice requirements of 19 U.S.C. § 1604 and § 1607, thereby denying plaintiff due process of law, and also violated plaintiff's right to just compensation under the 5th Amendment of the United States Constitution. Plaintiff sought relief, in the alternative, of either (1) return of the Mercedes, (2) damages in the amount of $51,950, the alleged fair market value of the automobile, plus costs and expenses, or (3) damages in the amount of $42,618, plaintiff's alleged security interest in the automobile, plus costs and expenses. This action in U.S. District Court is still pending.

The instant action, brought under the Tucker Act, was filed by plaintiff in the U.S. Claims Court on March 24, 1987. It alleges the same due process and just compensation clause violations which form the basis of the district court action. Plaintiff seeks money damages in the amount of $51,950 or $42,618, plus costs and expenses.

### Discussion

28 U.S.C. § 1500, entitled "Pendency of claims in other courts," provides as follows:

The United States Claims Court shall not have jurisdiction of any claim for or in respect to which plaintiff or his assignee has pending in any other court any suit or process against the United States or person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly, under the authority of the United States.

---

1. Since defendant has filed a dispositive motion, it has not filed an answer or otherwise stipulated to plaintiff's assertions of fact as set forth in the complaint. Nevertheless, the court deems plaintiff's recitation of events credible for the purpose of illuminating the background of this case.

The purpose of this section is to prohibit the filing and prosecution of the same claims against the United States in two courts at the same time. *Frantz Equipment Co. v. United States*, 120 Ct.Cl. 312, 314, 98 F.Supp. 579, 581 (1951). The term "claim" as used in 28 U.S.C. § 1500 has been construed to encompass actions which have the same operative facts and request the same substantive relief. *Hill v. United States*, 8 Cl.Ct. 382, 386 (1985). In comparing the case at bar with that pending in federal district court, the operative facts and money damages sought are identical. The only difference between the two is the absence in the Claims Court action of the alternative relief of the automobile's return.

Plaintiff does not dispute the language of 28 U.S.C. § 1500 or the foregoing legal authority, but requests this court to suspend the proceedings in this action until final resolution of the related case in the district court. Plaintiff states that there is a serious question as to whether the district court has jurisdiction under Section 702 of the Administrative Procedure Act to hear its case based on a collateral attack on the administrative forfeiture or an appeal from the DEA's denial of the petition for mitigation and remission of forfeiture. Plaintiff argues that it should not be precluded from seeking a remedy in this court, when jurisdiction of the district court is so uncertain, because of the danger that the statute of limitations may run or a laches defense mature before the district court case is resolved.

Three cases are cited by plaintiff as precedent for the suspension of proceedings in the Claims Court pending the resolution of concurrent district court actions: *Arizona Helicopters, Inc. v. United States*, 4 Cl.Ct. 662 (1984); *Armstrong v. United States*, 4 Cl.Ct. 269 (1984); and *Brown v. United States*, 175 Ct.Cl. 343, 358 F.2d 1002 (1966).

The *Brown* case, however, is distinguishable from the case at bar. In *Brown* the Court of Claims initially dismissed plaintiff's action, without prejudice, because of the concurrent district court claim. Plain-tiff then moved for a rehearing and the district court case was subsequently dismissed, so that upon rehearing there was no claim pending in any other court. Rather than obliging plaintiff to file anew, therefore, the Court of Claims vacated its dismissal and proceeded on the merits.

The *Armstrong* case, brought by a discharged federal employee, is also distinguishable. The Claims Court ruled that it had jurisdiction over plaintiff's claim for monetary damages because plaintiff had modified his pending suit in the district court, prior to filing in the Claims Court, by withdrawing the claim for monetary relief and basing the action solely on a claim for reinstatement. As the monetary claim was not pending in any other court, the Claims Court denied defendant's motion to dismiss and suspended proceedings to await final resolution of the district court action.

In the recent case of *Ireland v. United States*, 11 Cl.Ct. 543 (1987), however, the court declined to follow the ruling of *Armstrong*. The plaintiff in *Ireland*, a discharged federal employee, had first brought suit in federal district court seeking reinstatement and back pay, but after dismissal of this action amended the complaint to seek only reinstatement and appealed to the U.S. Court of Appeals. Thereafter, plaintiff filed suit in the Claims Court for the monetary relief dropped from the action in the Court of Appeals. The Claims Court held that the basic claim before both courts was the validity of plaintiff's removal, and the fact that different relief was sought in each court was immaterial since a judgment in his favor in the Court of Appeals would probably bring plaintiff all the monetary relief he was seeking in the Claims Court. Accordingly, plaintiff's Claims Court action was dismissed.

In *Arizona Helicopters*, plaintiff is correct in pointing out that this court granted plaintiff a stay of proceedings, denying defendant's motion to dismiss, even though plaintiff had a previously filed suit against the United States still pending in federal district court based on the same operative facts and claiming similar monetary dam-

ages. However, the court views that ruling as an exception to the weight of judicial authority holding that an earlier-filed suit deprives the Claims Court of jurisdiction. *Keene Corp. v. United States,* 12 Cl.Ct. 197, 207 (1987); *Tecon Engineers, Inc. v. United States,* 170 Ct.Cl. 389, 343 F.2d 943 (1965), *cert. denied,* 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966). As Judge Lydon, the presiding judge in both *Arizona Helicopters* and *Ireland, supra,* observed in the latter case, "application of section 1500 appears to rest at times on an 'ad hoc' approach to the circumstances at hand." *Ireland v. United States,* 11 Cl.Ct. at 544. Whatever those circumstances may have been in *Arizona Helicopters,* the court sees no circumstances presented by the case at bar which warrant sidestepping the unambiguous language of 28 U.S.C. § 1500.

Plaintiff has raised the specter of the statute of limitations or laches preventing a later suit in this court. The court notes, however, that the Tucker Act provides a six-year statute of limitations, and that the cause of action on which the current suit is based—the DEA's seizure and administrative forfeiture of the Mercedes—occurred little more than two years ago. Moreover, no defense of laches could mature during this six-year time period for bringing claims against the Government. Thus, there appears little danger that plaintiff's right of future action in this court would be compromised by a dismissal of the case currently at bar.

For the foregoing reasons, defendant's motion to dismiss is granted. Accordingly, the Clerk is directed to dismiss plaintiff's complaint, without prejudice.

No Costs.

IT IS SO ORDERED.