The facts sufficiently appear from the opinion,

per curiam,

as follows:
Plaintiff filed its petition in this court to recover $4,331,-509.75 damage or compensation on the ground that this sum represented tbe amount due in excess of $6,249,235.85 paid to plaintiff in currency by the Federal Reserve Bank of New York, upon delivery to that bank by plaintiff pursuant to Executive Orders and Regulations made and issued by the President and the Secretary of the Treasury, pursuant to certain acts of Congress, for 302,307.017 fine ounces of gold bullion.
At the time the petition was filed in this court, the plaintiff had filed on the same day and had pending in the District Court of the United States for the Southern District of New York a suit based upon the same claim set forth in the petition in this court for the recovery of the same amount for the same gold bullion surrendered and delivered to the Federal Reserve Bank at New York, as aforesaid, for which it received the sum mentioned in legal-tender currency. The court finds as a fact that upon the issuance of the Executive Orders and Regulations with reference to the surrender and delivery of gold and gold bullion, which orders and regulations need not be here set forth, and at the time plaintiff’s alleged claim arose, and at the time the petition was filed in this court, the Federal Reserve Bank of New York was at all times, and at all times subsequent thereto, acting and professing to act in respect of the delivery by plaintiff, receipt, and payment for the said gold bullion, mediately and immediately, under the authority of the United States and as the authorized agent of the United States in such matters.
*440 From this it seems clear that under section 154 of the Judicial Code (Tit. 28, U. S. Code, Sec. 260), and the decision in Corona, Coal Co. v. United States, 263 U. S. 537, this court is without jurisdiction for the reason that plaintiff was prohibited from filing or prosecuting in this court any claim in respect of which it had instituted a suit against the Federal Reserve Bank acting, in such matters, under the authority of the United States.
The only distinction between the two suits instituted in the District Court and in this court is that the action in the District Court was made to sound in tort and the action in this court was alleged on contract. The facts existing and operating in both cases are the same. A recital of the operative facts relied upon by a claimant does not state two separate and distinct causes of action merely because such facts may set up a liability both in tort and contract. The terms “conversion” used in the suit in the District Court and “taking of property without just compensation” in the suit in this court were obviously used by plaintiff for the purpose of attempting to adapt the single claim to the jurisdiction of the different courts in which the claim was being urged, but the use of these terms does not obscure the unity or sameness of the claim. We think it is clear that the word “claim,” as used in section 154, supra, has no reference to the legal theory upon which a claimant seeks to enforce his demand if it appears, as it does here, that the defendant in a suit in another court was, in respect of the subject matter or property in respect of which the claim was made, acting mediately or immediately upon the authority of the United States. The terms of section 154 refer to a claim “for or in respect of which” another suit is pending. The legislative history of section 154 of the Judicial Code, originally enacted as section 8 of the act of June 25, 1868, 15 Stat. 77, supports these conclusions. See Congressional Globe, 40th Congress, 2d sess., 1868, p. 2769.
Plaintiff never dismissed the suit which it had instituted in the District Court for the Southern District of New York but diligently prosecuted the same through the District *441 Court, the Circuit Court of Appeals, and to the Supreme Court. The District Court and the Circuit Court of Appeals, 104 Fed. (2d) 652, held under the authority of Nortz v. United States, 294 U. S. 317, that plaintiff was not entitled to recover, and on October 23, 1939, the Supreme Court denied plaintiff’s petition for certiorari. In these circumstances there is no merit in the contention now made by plaintiff that this court has jurisdiction and that plaintiff is now entitled to prosecute the claim presented by the petition in this court for the reason that the suit in the District Court has been dismissed and is not noiv pending. The suit against the Federal Reserve Bank was prosecuted to finality. Plaintiff thereby elected to stand upon its claim made in a suit against an agent of the United States. The provisions of section 154, supra, against prosecution of a suit in this court still apply. There is no provision that a suit in this court against the United States may be prosecuted if the suit in another court against an agent of the United States is dismissed by final adjudication upon the merits. The whole purpose of the act was to prevent this being done. Under the clear provisions of the original section 8 (act of June 25, 1868, supra), an election.once having been made, a dismissal on the merits of a suit in another court does not give this court jurisdiction. This is clear from the provisions of section 8, which state that “No person shall file or prosecute any claim or suit in the Court of Claims, or an appeal therefrom, for or in respect to which he * * * shall have commenced and has pending any suit or process in another court * * *, unless such suit or process, if now pending in such other court, shall be withdrawn or dismissed within thirty days after the passage of this act.”
Defendant’s plea to the jurisdiction is sustained, and the petition is dismissed. It is so ordered.