**Martha W. BROWN, Individually and as Agent and Attorney for William D. Brown, III, Grady W. Brown, Philip B. Brown and Martha Brown Wilson**

v.

**The UNITED STATES.**

**No. 141–65.**

United States Court of Claims.

April 15, 1966.

William D. Brown, Monroe, La., attorney of record, for plaintiffs. Theus, Grisham, Davis, Leigh & Brown, Monroe, La., of counsel.

Edward L. Metzler, Washington, D. C., with whom was Asst. Atty. Gen., John W. Douglas, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

PER CURIAM: *

According to the petition, which was filed on April 30, 1965, the plaintiffs are the widow and surviving children of William Dennis Brown, Jr., and, as such, they are the owners through inheritance of farmlands situated in East Carroll Parish, Louisiana. The lands in question are suitable for the production of rice; and prior to and during the crop year 1958, such lands received a rice acreage allotment of 307.5 acres in accordance with the provisions of the Agricultural Adjustment Act of 1938, as amended. This statute, prior to 1958 and during the early part of that year, provided (among other things) for the establishment by the Secretary of Agriculture, on a calendar year basis, of a national acreage allotment for rice (7 U.S.C. § 1352 (1952)), for the apportionment of the national acreage allotment among the several rice-producing States (7 U.S.C. § 1353(a) (1952)), and for the allocation of each State acreage allotment "to farms owned or operated by persons who have produced rice in the State in any one of the five calendar years immediately preceding the year for which such apportionment is made on the basis of past production of rice in the State by the producer on the farm taking into consideration the acreage allotments previously established in the State for such owners or operators; abnormal conditions affecting acreage; land, labor, and equipment available for the production of rice; crop rotation practices; and the soil and other physical factors affecting the production of rice * * *" (7 U.S.C. § 1353(b) (1952, Supp. V)).

On June 4, 1958, the provision of the Agricultural Adjustment Act of 1938, as amended, relating to the allocation of each State acreage allotment for rice at the farm level was further amended by Public Law 85-443 (72 Stat. 177). The petition alleges that, by virtue of this amendment, the rice acreage allotments for the geographical area in which the plaintiffs' lands are located were changed from the "farm" basis to the "producer" basis, and that the rice acreage allotment of 307.5 acres previously mentioned was divided between the plaintiffs and their tenants for the year 1959 and subsequent years, with the result that the plaintiffs were allocated only 79.9 acres for the production of rice in 1959 and subsequent years, the remaining 227.6 acres of the original 307.5-acre allotment being allocated to tenants who had theretofore participated in the gross proceeds of the rice produced from the plaintiffs' lands. This action, according to the petition, amounted to a taking of the plaintiffs' property for public use without just compensation, in violation of the Fifth Amendment to the Constitution of the United States; and the plaintiffs seek to recover $68,280 as compensation in the present action.

The petition forthrightly states that the "Plaintiffs have also instituted suit before the United States District Court for the Western District of Louisiana, Monroe Division, seeking further redress and adjudication in connection with the circumstances here set forth * * *."

The defendant filed a motion to dismiss the petition in this court, on the ground that the Court of Claims lacks jurisdiction of the case because of 28 U.S.C. § 1500 (1964), which declares that:

The Court of Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act,

---

* The court has borrowed substantially from an opinion by Trial Commissioner Mastin G. White at an earlier stage of the case.

directly or indirectly under the authority of the United States.

A copy of the complaint filed by the plaintiffs in the United States District Court for the Western District of Louisiana was attached to the defendant's motion to dismiss. The complaint in the District Court case was filed on April 29, 1965, or the day before the plaintiffs filed their petition in the Court of Claims case.

The defendants in the District Court case were the United States, the Louisiana Agricultural Stabilization and Conservation Committee, and the East Carroll Parish Agricultural Stabilization and Conservation Committee. The respective committees administer the rice program under the Agricultural Adjustment Act of 1938, as amended, in the State of Louisiana and in East Carroll Parish. The operative facts alleged in the District Court case are the same as the facts alleged in the petition in this court. However, in the District Court case, the plaintiffs asserted alternatively (1) that the administrative officials misconstrued and misapplied the amendment of June 4, 1958, in depriving the plaintiffs of 227.6 acres of the rice acreage allotment previously allocated to their lands and, accordingly, that the plaintiffs are entitled to a reinstatement of the full amount of the previous rice acreage allotment; or (2) that if the amendment of June 4, 1958, has been properly construed and applied by the administrative officials, then the provisions of the amendment, as so construed and applied, have deprived the plaintiffs of their property without just compensation, in violation of the Fifth Amendment to the Constitution of the United States. In either event (according to the plaintiffs' allegations in the District Court case), they have been wrongfully deprived of 227.6 acres of their rice acreage allotment for 5 years, and they are entitled to recover compensation at the rate of $6,828 per year for each of the 5 years. The plaintiffs further said in the District Court case that they are asserting a separate claim for each year (doubtless having in mind the $10,000 limitation imposed by 28 U.S.C.

§ 1346(a) (2) (1964) on the jurisdiction of District Courts with respect to suits against the United States).

On October 1, 1965, this court, noting that "plaintiffs have previously filed suit in the U.S. District Court for the Western District of Louisiana, Monroe Division, seeking, as one alternative relief, just compensation for the taking of their property which claim is identical in substance to that asserted in the petition in this court *and which claim remains pending in the said District Court*" [emphasis added], dismissed the petition, without prejudice, on the basis of 28 U.S.C. § 1500, supra.

█ Plaintiffs moved for rehearing (in October 1965) on the ground that, in the District Court, the Government had moved to dismiss the alternative claim for just compensation as beyond that court's jurisdiction. Thereafter the plaintiffs filed a supplemental motion for rehearing indicating that the District Court, on December 9, 1965, had sustained the Government's motion and had dismissed on jurisdictional grounds the plaintiffs' claim for compensation. This court has ascertained that no appeal has been taken from that ruling and that the period for appeal has now expired. At the present time, therefore, the only claim for just compensation pending in a court is that stated in the plaintiffs' petition in this court.

█ In these circumstances we grant the motions for rehearing, vacate our prior order dismissing the petition, and now deny the defendant's motion to dismiss. Our earlier order of dismissal was predicated on the fact that the other "claim remains pending in the said District Court." That is no longer true, and the claim is no longer "pending in any other court." In this situation, we do not believe that 28 U.S.C. § 1500 requires us to deprive plaintiffs of the only forum they have in which to test their demand for just compensation. The District Court has decided that this claim is beyond its jurisdiction and plaintiffs have acquiesced in that ruling. Unless they can proceed in this court they will be un-

able to attempt to obtain a determination of the merits of this monetary claim. Section 1500 was designed to require an election between two forums both of which could presumably grant the same type of relief. See Casman v. United States, 135 Ct.Cl. 647 (1956); Tecon Engineers, Inc. v. United States, 343 F.2d 943, 945 ff., 170 Ct.Cl. 389, 393 ff. (1965), cert. denied, 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966). But Section 1500 was not intended to compel claimants to elect, at their peril, between prosecuting their claim in this court (with conceded jurisdiction, aside from Section 1500) and in another tribunal which is without jurisdiction. Once the claim has been rejected by the other court for lack of jurisdiction, there is no basis in the policy or wording of the statute for dismissal of the claim pending here. The plaintiffs could undoubtedly file a new petition, without any bar through Section 1500; it does not seem fair or make sense to insist that that must be done—with the limitations difficulties it may well entail. *Tecon Engineers, Inc.*, supra, teaches that the section should be given a reasonable and just construction, not a doctrinaire or purely technical one. In that light, plaintiffs should now be able to proceed in this court.

Our prior holdings do not call for any different result. In British American Tobacco Co. v. United States, 89 Ct.Cl. 438, 441 (1939), cert. denied, 310 U.S. 627, 60 S.Ct. 974, 84 L.Ed. 1398 (1940), the other suit could and did proceed on the merits; in fact, this court emphasized several times that the determination of the other court was on the merits. In Wessel, Duval & Co. v. United States, 124 F.Supp. 636, 637–638, 129 Ct.Cl. 464, 466 (1954), the district court suit was still pending and there was no reason at all to believe that that tribunal lacked jurisdiction.[1] In those circumstances this court refused to defer action pending the outcome of the suit in the district court but applied 28 U.S.C. § 1500 to dismiss the Court of Claims suit at once. In Los Angeles Shipbuilding & Drydock Corp. v. United States, 152 F.Supp. 236, 138 Ct.Cl. 648 (1957), the district court plainly had jurisdiction of the claim and this court held that the plaintiff had elected that tribunal as the desired forum over the Court of Claims. National Cored Forgings Co. v. United States, 132 F.Supp. 454, 132 Ct.Cl. 11 (1955), also involved another pending suit clearly within the jurisdiction of the district court in which it was brought. All of these cases, and the others involving Section 1500, were quite different from this case in its present posture.

Plaintiffs' motions for rehearing are granted, the dismissal without prejudice of plaintiffs' petition ordered on October 1, 1965, is vacated and set aside, defendant's motion to dismiss the petition is denied, and the case is returned to the trial commissioner for further proceedings.

---

1. This court held expressly that the district court had exclusive jurisdiction.