*618 This income tax refund suit, filed in November 1977, relates to the fiscal years 1966 through 1970. The subject matter of the litigation consists of antique automobiles which plaintiff-taxpayer displayed in its antique automobile museum operated in connection with its hotel-casino in Reno, Nevada. For the years 1966-1970 taxpayer timely claimed current deductions for costs incurred in those years for restoring such automobiles (in excess of current fair market value). Deductions of that type were disallowed by the Internal Revenue Service but under an informal understanding plaintiff was permitted to amortize those costs over a ten-year period (including the years 1966-1970). For the year 1971, however, the Service took the position that no deduction, whether amortized or not, is allowable because of the indeterminable useful life of the antique automobiles to which the deductions related. Plaintiff has filed a suit in this court, contesting the Service’s determination for 1971. Harrah’s Club v. United States, No. 137-77. (Harrah’s Club I). That suit is still pending and apparently will be tried on its merits. The current action was filed after Harrah’s Club I (and may therefore be called Harrah’s Club II); the burden of Harrah’s Club II is that taxpayer should have been permitted for 1966-1970 the current deductions it initially sought.
In Harrah’s Club II defendant has moved for summary judgment on the ground that this court lacks jurisdiction because the taxpayer did not file timely refund claims for 1966-1970. Plaintiffs response is that, despite its failure to file timely refund claims, the mitigation provisions of the Internal Revenue Code, 26 U.S.C. §§ 1311-1314, permit it to maintain this suit.[1] Oral argument has been had and the court has considered the parties’ written submissions.
The parties have proffered several refined (and opposing) interpretations of the mitigation provisions, as applied to Harrah’s Club II, but we decline the invitation to pass on those difficult issues at this time. It appears probable that the decision on the merits in Harrah’s Club I (whatever that decision) will.go far, and perhaps all the way, toward *619 making it unnecessary to rule upon the application of several or all of the mitigation provisions to Harrah’s Club II. In those circumstances, the court considers it the better course to suspend proceedings in Harrah’s Club II until the final determination of Harrah’s Club I.[2]
it is therefore ordered that further proceedings on plaintiffs motion for summary judgment in this case are suspended until the final determination of Harrah’s Club v. United States, No. 137-77; at that time either party (or both) may move to lift the suspension and for such further proceedings in this case as may then be appropriate.

 Plaintiff opposes defendant’s motion for summary judgment but has not filed a cross-motion of its own.

 The Government’s motion raises a jurisdictional problem but it is not uncommon for this court to defer or by-pass ruling on a jurisdictional defense if the passage of time may reveal more clearly that jurisdiction does or does not exist or that the case can be disposed of without passing on jurisdiction. Compare the usual practice to defer passing on the application of 28 U.S.C. § 1500 to the suit in this court when it is still uncertain whether the other court has jurisdiction of the suit brought there (see Brown v. United States, 175 Ct. Cl. 343, 347-49, 358 F.2d 1002, 1004-05 (1966)). See, also, Monett v. United States, 190 Ct. Cl. 1, 5, 419 F.2d 434, 436 (1969), cert. denied, 400 U.S. 846 (1970), for one instance in which the court found it easier to dismiss on the merits than to reach the jurisidictional question.