Truman **BENALLY, et al., Plaintiffs,**

**v.**

**The UNITED STATES, Defendant.**

**No. 490–87L.**

United States Claims Court.

Nov. 25, 1987.

Roy Ward, Flagstaff, Ariz., for plaintiffs.

James M. Upton, Washington, D.C., for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case comes before the court on defendant's motion to dismiss. Defendant asserted that this court is without jurisdiction to entertain plaintiffs' complaint pursuant to 28 U.S.C. § 1500 (1982) because plaintiffs have pending in district court a claim brought under the Federal Tort

Claims Act, 28 U.S.C. § 2671, *et seq.*, which arises out of the same facts as the action at bar. Plaintiffs maintained that section 1500 was inapplicable because the operative facts and proof of a federal tort claim cause of action and of a claim under a treaty violation, as in the present case, are different. Plaintiffs asserted in the alternative that this court should stay this proceeding pending the outcome of the litigation in the district court and its regional court of appeals.

## FACTS

The United States owned and operated the Kaibeto Boarding School on the Navajo Indian Reservation in northern Arizona. Plaintiffs are Indian minors who attended the boarding school and their respective parents. Plaintiffs alleged that a teacher, a white man, of the Bureau of Indian Affairs sexually molested and assaulted the minor plaintiffs while students at the boarding school. Seeking redress, plaintiffs filed a complaint in the district court in Arizona. *Bennett v. United States*, No. 83–1764 (D.Ariz. filed Sept. 15, 1983). In that proceeding, the complaint alleged liability under the Federal Tort Claims Act. Plaintiffs asserted, at least in part, negligence on the part of the United States in hiring and supervising the BIA teacher in question. That case is still pending.

Nearly four years later, plaintiffs filed an action in this court. *Benally v. United States*, No. 490–87L (Cl.Ct. filed Aug. 14, 1987). The cause of action in this court is premised upon a violation of an Indian treaty. Plaintiffs alleged that the United States violated Article I of the Treaty of 1868 between the United States and the Navajo Tribe. The Treaty provides that

[i]f bad men among the whites ... subject to the authority of the United States, shall commit any wrong upon the person or property of the Indians, the United States will, upon proof made ... proceed at once to cause the offender to be arrested and punished according to the laws of the United States, and also to reimburse the injured persons for the loss sustained.

Defendant, instead of answering plaintiffs' complaint in this court, moved this court to dismiss the action in this court based upon 28 U.S.C. § 1500 (1982). Section 1500 states that "[t]he United States Claims Court shall not have jurisdiction of any claim for ... which plaintiff ... has pending in any court any suit or process against the United States...." Defendant alleged that § 1500, as interpreted by the Court of Claims and the Claims Court, precludes this court from obtaining jurisdiction over plaintiffs' cause of action. Plaintiffs disagreed, maintaining that the claims are different, and in the alternative, that this court should merely stay the proceeding pending an outcome in the district court.

The issue before this court is whether for purposes of the section 1500 jurisdictional bar the district court federal tort claim is a "pending suit" that would preclude this court from exercising jurisdiction over plaintiffs' treaty claim filed here.

## DISCUSSION

Defendant asserted under the section 1500 analysis of *Tecon Engineers, Inc. v. United States*, 170 Ct.Cl. 389, 343 F.2d 943 (1965), *cert. denied*, 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966), that an earlier-filed suit deprives the Claims Court of jurisdiction. Defendant alleged that the Federal Tort Claims cause of action and the treaty claims are the same. A "claim" as used in 28 U.S.C. § 1500 has been construed to encompass actions which arise out of the same set of operative facts and request the same substantive relief, even though the causes of action set up liability in tort on the one hand and contract or treaty on the other. *British American Tobacco Co. v. United States*, 89 Ct.Cl. 438, 440–41 (1939), *cert. denied*, 310 U.S. 627, 60 S.Ct. 974, 84 L.Ed. 1398 (1940); *Hill v. United States*, 8 Cl.Ct. 382 (1985). Defendant maintained that plaintiffs' proceeding in this court was merely a restatement of the negligent hiring, supervision, and retention claims filed by plaintiffs in the district court.

Plaintiffs rejected defendant's assertions. They maintained that, while the federal tort claim is based in operative facts establishing negligence and proximate cause, the treaty claims require proof only that wrongs were committed upon the plaintiffs' persons, that the wrongs were committed by a bad white man, and that they are Indians. Plaintiffs maintained that under the treaty claims, they need not establish fault on the part of defendant because treatment of the treaty claims is guided by contract terms and principles.

This court is bound by the pronouncement of *British American Tobacco Co. v. United States*, 89 Ct.Cl. 438 (1939), *cert. denied*, 310 U.S. 627, 60 S.Ct. 974, 84 L.Ed. 1398 (1940), that a

> recital of the operative facts relied upon by a claimant does not state two separate and distinct causes of action merely because such facts may set up a liability both in tort and contract.... We think that it is clear that the word 'claim' ... has no reference to the legal theory upon which a claimant seeks to enforce his demand....

*Id.* at 440. The *British American* court went on to hold that, where the plaintiff elected to initiate and continued to prosecute its claim against defendant in another court, the plaintiff must be satisfied with the result in the other proceeding and may not pursue other relief on the same operative facts in this court. *Id.* at 441.

■ "The obvious and declared purpose of [section 154, the predecessor to section 1500,] was to require an election between a suit in this court against the United States and one brought in another court against an agent of the United States." *National Cored Forgings Co. v. United States*, 132 Ct.Cl. 11, 17–18, 132 F.Supp. 454, 458 (1955) (citation omitted). The election between party-defendants is no longer necessary in all cases; some suits may now be brought against the sovereign directly and need not necessarily be brought against its agent. However, the election also dictated the forum and limited the subject matter jurisdiction of this court. *Los Angeles Shipbuilding & Drydock v. United States*, 138 Ct.Cl. 648, 152 F.Supp. 236 (1957). Election as to forum remains and is applicable in this case. Indeed,

> [t]he import of *British American* is that a suit in tort and contract can be the same claim or cause of action, irrespective of the theory of relief urged, if it arises with respect to the same operative facts, even if the contract claim, because of its value, could not have been maintained in district court.

*Keene Corp. v. United States*, 12 Cl.Ct. 197, 208 (1987). Congress has determined the jurisdiction of this court. 28 U.S.C. § 1491. Congress has also limited the jurisdiction of this court. 28 U.S.C. § 1500. This court is not at liberty to rewrite its statutorily limited jurisdiction to avoid the hardship of electing forums or the denial of the benefit to plaintiffs of forum shopping. *Cf. Corona Coal Co. v. United States*, 263 U.S. 537, 540, 44 S.Ct. 156, 68 L.Ed. 431 (1924).

■ In this case, plaintiffs elected to sue the United States in district court for a tort claim. Now, years later, plaintiffs seek relief from the United States in this court under a treaty violation theory. In order to avoid section 1500's prohibition against duplicative and vexations litigation, plaintiffs asserted, without citing authority, that the claims are clearly distinguishable. The tort and treaty claims, they argue, require different proof; therefore, the same operative facts are not at issue. This court, however, is at a loss as to how plaintiffs' argument, that two different causes of action exist, can be upheld. The court is puzzled as to how plaintiffs will be able to establish that there has been a violation of the bad man provision of the treaty, without establishing that a "wrong" was committed by a person subject to or under the authority of the United States, or without some showing of a duty owed to plaintiffs by defendant. Plaintiffs' treaty claim arises from the same set of facts surrounding the hiring and supervising of the BIA teacher in question. Even if the operative facts of the treaty and tort claims do not overlay each other exactly, the overlap in the operative facts makes the causes of action so intertwined that duplicative litiga-

 

tion would certainly ensue. The court is unable to separate the operative facts of the tort claim and the treaty claim. Plaintiffs chose to proceed in the district court under a theory of tort and are bound to stand by that election. *Cf. British American,* 89 Ct.Cl. at 441. Plaintiffs' claim in the district court therefore precludes this court's jurisdiction over the treaty claim under 28 U.S.C. § 1500.

■ Plaintiffs argue in the alternative that, if this court is unwilling to conclude that two separate and distinct claims exist, this court should not dismiss the treaty claim but should stay the matter under the authority of *Brown v. United States,* 175 Ct.Cl. 343, 358 F.2d 1002 (1966) or *Wessel, Duval, & Co. v. United States,* 129 Ct.Cl. 464, 124 F.Supp. 636 (1954). This court agrees with *Brown* that a claimant should not be left totally without a forum to address its grievance on the merits. But these cases do not support plaintiffs' argument. In *Brown,* the Court of Claims vacated its previous section 1500 dismissal, but it did not do so merely to permit plaintiff to argue an alternative theory in the Court of Claims, having failed on its principal theory in the district court. In *Brown,* the district court had dismissed plaintiff's action for want of jurisdiction, not on the merits. In essence, plaintiff had never had its day in court. Unlike this case, there was in *Brown* no possibility of duplicative litigation because the action had not been considered on its merits. In this case, by contrast, the Court of Appeals for the Ninth Circuit has declared that the district court has jurisdiction to decide plaintiffs' tort claim. Plaintiffs are not without a forum addressing its claim on the merits which plaintiffs have chosen to assert. Also, *Wessel* is inapposite to a discussion of stay. In *Wessel,* the Court of Claims never discussed staying a proceeding in this court in order to effecuate the purpose and intent of section 1500 as plaintiff suggests.

Congress placed restrictions on this court's jurisdiction which required plaintiffs to make an election among forums. They have done so and are proceeding in the district court on the merits of a cause of action which arises out of the same operative facts as the action before this court. Accordingly, plaintiff's claim in the district court precludes this court's jurisdiction over the treaty claim under 28 U.S.C. § 1500. Since the court is without jurisdiction this court has no power to stay its proceedings pending resolution of issues in the district court. *Hill v. United States,* 8 Cl.Ct. 382, 388 (1985). The statutory language calls for nothing less than dismissal. *Keene Corp. v. United States,* 12 Cl.Ct. 197, 212 (1987).

## CONCLUSION

Plaintiffs' claim in this court falls within the reach of the preclusive limitation of 28 U.S.C. § 1500. Defendant's motion to dismiss is granted and the Clerk of the court is directed to enter judgment dismissing the complaint. Costs.

IT IS SO ORDERED.