Ambrosio **CHAVEZ, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 392–87C.

United States Claims Court.

Jan. 28, 1988.

Marion J. Craig, III, Rosewell, N.M., for plaintiffs.

Tamra Phipps, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge.

This action comes before the court on defendant's motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to RUSCC 12(b)(1). Defendant maintained that because plaintiffs have an action pending before the United States District Court for the District of New Mexico, based upon the same claims as the complaint in this action, this court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1500 (1982). Plaintiffs objected for two reasons: (1) Tags Richards, one of the plaintiffs herein, is not a party to the New Mexico proceedings; and (2) the operative facts in the New Mexico district court proceedings and this proceeding are different as to all plaintiffs.

## FACTS

All plaintiffs, with the exception of Tags Richards, are the owners of riparian land and other property in Lincoln County, New Mexico. Plaintiffs maintain a livelihood from their property holdings. Plaintiffs' irrigation needs were provided for many years from the Pablo Chavez ditch and from the Ambrosio Chavez ditch in Lincoln County, New Mexico. Sometime in March of 1980, representatives of the Soil Conservation Service of the United States Department of Agriculture approached plaintiffs with a proposal to construct a new underground pipeline to replace the surface ditches. Defendant assured plaintiffs that the new pipeline would save plaintiffs money and conserve water in addition to providing a more efficient means of irrigating their crops. Plaintiff accepted defendant's proposal and entered into an oral contract with defendant, whereby defendant agreed to do all of the design work for the new underground pipeline. The resulting pipeline did not meet the parties' expectations and plaintiffs' properties were allegedly damaged.

Plaintiffs subsequently brought suit against the Secretary of Agriculture and the SCS under a tort theory in the United States District Court for the District of New Mexico. *Niccum v. Lyng,* No. 87-0042C (D.N.M. filed Jan. 9, 1987). Plaintiffs maintained that defendant tortiously damaged their property because the design of the underground pipeline was defective and because the pipeline was not constructed in accordance with accepted engineering standards. Plaintiffs alleged further that the pipeline never delivered the amount of water it was designed to deliver as represented by defendant, nor did it's flow surpass the amount of water which plaintiff received under the old open ditches, all resulting in damage to plaintiffs' property.

Plaintiffs sued the United States in this court six months after filing suit in the district court. *Chavez v. United States,* No. 392–87C (Cl.Ct. filed July 1, 1987). Plaintiff asserted that the underlying cause of action in this complaint lies in breach of contract, and that they have been damaged accordingly as a proximate result of defendant's breach of oral contract. Except for plaintiff, Tags Richards, the gist of the

damages incurred as a result of the breach consisted of losses to their crops, fruit trees and feed, as well as losses of income as a result of the foregoing.

Plaintiff Tags Richards' claim for damages stemmed from SCS's refusal to pay him for the work and services rendered under an alleged oral contract as a general contractor on the construction project. Plaintiff Richards asserted that defendant entered into an oral contract with him to repair and replace a portion of the line in May of 1981. Plaintiff further asserted that the work was properly performed in June and July of 1981 and that he was entitled to his compensation as a result of his services rendered. Plaintiff Richards was dismissed from the district court action but remains a plaintiff in the case pending before this court. The district court action was still pending as of the date of this Order.

Defendant has moved to dismiss this cause of action under 28 U.S.C. § 1500.

## DISCUSSION

Defendant maintained that the proceeding initiated by plaintiffs in the New Mexico district court prior to the proceedings in this court precludes this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1500, and that the complaint should be dismissed.

Plaintiff Richards argued that because he is no longer a party to the Mexico district court proceeding, 28 U.S.C. § 1500 is inapplicable to the action brought by plaintiff Richards in this court. In addition, Richards asserted that his claim in this court was based in contract, not in tort, and is clearly over $10,000.00 thus creating exclusive jurisdiction in this court.

With respect to the other plaintiffs' claims, plaintiffs maintained that the proceeding in the district court and the proceeding in this court arose from a different set of operative facts, thus creating two separate and distinct claims outside the reach of section 1500. Because the New Mexico district court proceedings are based in tort and this court's proceedings lie in contract, plaintiffs maintained that this

court is not precluded by 28 U.S.C. § 1500 from asserting its jurisdiction.

As a court of specific jurisdiction, the United States Claims Court must be certain that it has jurisdiction before it can proceed to the merits. *Northern Indian Hous. & Develop. Council v. United States*, 12 Cl.Ct. 417, 420–21 (1987). Additionally, because of its specific jurisdiction the United States Claims Court must honor statutes that deprive it of jurisdiction such as 28 U.S.C. § 1500. *Tecon Engineers, Inc. v. United States*, 170 Ct.Cl. 389, 399, 343 F.2d 943, 949 (1965), *cert. denied*, 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966); *Hill v. United States*, 8 Cl.Ct. 382 (1985). Section 1500 of title 28 of the United States Code precludes the Claims Court's exercise of jurisdiction with respect to certain claims against the United States that were previously filed and are pending in other courts. The relevant portion of section 1500 provides:

The United States Claims Court shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

Section 1500 was enacted over a century ago to avoid the maintenance of suits against the United States in the Claims Court after a claimant failed to receive satisfaction from suing an agent of the United States elsewhere. At that time a judgment in another court had no res judicata effect in a subsequent suit against the United States in the Court of Claims. Schwartz, *Section 1500 of the Judicial Code and Duplicate Suits Against the Government and Its Agents*, 55 Geo.L.J. 573, 573–77 (1967); *see Dwyer v. United States*, 7 Cl.Ct. 565, 567 (1985). The current purpose served by section 1500 is to relieve the United States from defending the same case in two courts at the same time. *Dwyer*, 7 Cl.Ct. at 567.

## I. *Jurisdiction Of Pending Claims*

Controversy over the interpretation of section 1500 stems from the phrase "pending in any other court." In *Tecon Engineers, Inc. v. United States*, 170 Ct.Cl. 389, 399, 343 F.2d 943, 949 (1965), *cert. denied*, 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966), the court construed section 1500 to require dismissal of the Court of Claims action only if the same claim had been filed in another court before the Court of Claims action was commenced. The court in *Tecon*, after careful consideration of the statute's legislative history, concluded that "[t]he clear meaning and legislative intent of [the statute] was to prevent this court from taking jurisdiction of a claim *only* when the same plaintiff already 'shall have commenced and has pending' another suit on the same claim in another court." *Tecon*, 170 Ct.Cl. at 399, 343 F.2d at 949 (emphasis in original). *Tecon* and other case law on section 1500 affirmatively establish that an earlier filed suit deprives the Claims Court of jurisdiction over an action on the same claim filed later in the Claims Court. In this case the district court action was clearly initiated before the proceedings in this court. The threshold question that must be addressed in this case, therefore, is whether the complaint in contract here raises the same claim or cause of action as the complaint in tort in the district court.

■ Section 1500 employs the terms claim and cause of action synonymously. The statute expressly uses both terms interchangeably: "The United States Claims Court shall not have jurisdiction of any claim for ... which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person, who at the time when the cause of action alleged" was acting under the authority of the United States. The term "any claim" refers to "cause of action" and vice-versa. *British American Tobacco Co. v. United States*, 89 Ct.Cl. 438, 440 (1939), *cert. denied*, 310 U.S. 627, 60 S.Ct. 974, 84 L.Ed. 1398 (1940), equated the term "cause of action" to "claim". In *British American*, plaintiff filed suit in the district court based on a tort theory of relief prior to its filing suit in the Court of Claims based in contract. Plaintiff's claim in the Court of Claims was filed after the district court filing, thus creating "pending litigation." The court did not address the section 1500 jurisdictional issue until after the district court had dismissed the tort claim by final adjudication upon the merits. The court upheld an early version of section 1500, 28 U.S.C. § 260, barring the subsequent suit based upon a contract theory. 89 Ct.Cl. at 441. The court held that "[a] recital of the operative facts relied upon by a claimant does not state two separate and distinct causes of action merely because such facts may set up a liability both in tort and contract." *Id.* at 440. More specifically, *British American* held that a suit based in tort or contract can be the same claim or cause of action irrespective of the theory of relief as long as it arises with respect to the same operative facts and prays for the same monetary relief. *Dwyer v. United States*, 7 Cl.Ct. 565, 568 (1985). This court's focus is, therefore, not on the legal theory of plaintiffs' proceedings, but upon the existence of a cause of action arising out of a set of operative facts.

■ In the case at bar, the only distinction between the two suits instituted by plaintiffs in the New Mexico district court and in this court is that the action in the district court was drafted to sound in tort and the action in this court in contract. Both complaints seek the same damages for precisely the same set of operative facts. For example, plaintiffs' eighth paragraph in the district court complaint, states that plaintiffs have been damaged as a proximate result of the alleged negligence of the defendants. Plaintiffs' seventh paragraph in the complaint before this court, merely substitutes the words "breach of oral contract" for the word "negligence" as asserted on the same facts in the complaint in the district court. The Claims Court complaint states, plaintiffs have been damaged as a proximate result of defendant's breach of oral contract. Therefore, although the district court complaint sets forth injury based in negligence

and the Claims Court complaint sets forth injury in breach of contract, the operative facts in both cases are precisely the same. The underlying facts of the two claims arise from defendant's alleged breach of an agreement with plaintiffs for the design and construction of the underground pipeline. This court, therefore, is of the opinion, based upon the authority of *Tecon Engineers* and *British American,* that the homogeneity of the operative facts renders the claims the same for the purposes of section 1500.

In the peculiar facts of this case, section 1500 requires an election between the two courts because the theories of relief flowing from the same operative facts are only available in certain courts. When a plaintiff elects to stand upon its tort claim against an agent of the United States it must do so in a district court action. When the district court's action is pending or final on the merits, the plaintiff may not be permitted to pursue the cause of action under a contract theory of relief against the United States in this court. *British American Tobacco Co. v. United States,* 89 Ct.Cl. 438, 441 (1939). In this case, the election of legal theory dictated the election of forum. *Brown v. United States,* 175 Ct.Cl. 343, 348, 358 F.2d 1002, 1005 (1966); *Benally v. United States,* 14 Cl.Ct. 8, 9–10 (1987). If plaintiffs elect to file in the Claims Court first, they must, if faced with the decision of proceeding under tort or contract, choose the contract theory because the court is precluded from hearing cases "sounding in tort." 28 U.S.C. § 1346(a)(2) (1982). Plaintiffs have, however, chosen to stand with the tort suit in the district court. This court is, therefore, left to conclude that it is without jurisdiction and must, pursuant to 28 U.S.C. § 1500, dismiss plaintiffs' cause of action, with the exception of Tags Richards' claim discussed below.

II. *Jurisdiction Of Tags Richards' Claim*

Plaintiff Tags Richards alleged that he entered into a contract implied-in-fact with defendant to perform certain services as a general contractor in the construction of the underground pipeline. Richards asserted that the work was properly performed, that he is entitled to compensation totaling $13,833.20, and that defendant has refused to pay. Plaintiff Richards filed suit in district court with the other plaintiffs under a tort theory to recover his alleged damages. Plaintiffs' original complaint in the New Mexico district court sought relief for Tags Richards' claim under the Federal Torts Claims Act. The district court dismissed his tort claim on June 18, 1987, for lack of jurisdiction.

Reading plaintiffs' complaint filed in this court liberally, the court is of the opinion that Richards' cause of action sounds more in implied contract than in tort and, pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), the Claims Court has exclusive jurisdiction to hear such disputes arising out of implied-in-fact contracts with the United States when more than $10,000.00 is in dispute. The court in *Brannan v. United States,* 7 Cl.Ct. 399, (1985), set forth the basic elements of an implied-in-fact contract. The court stated:

> In order to determine the existence of an implied-in-fact contract between parties, conduct of the parties and other circumstances surrounding the transaction must be sufficient to warrant the inference, as a fact, that there has been a meeting of the minds between the parties, involving a definitive offer by one party and an unequivocal acceptance of the other.

*Id.* at 404. The court also stated that consideration is essential to any valid contract, whether express or implied-in-fact. *Id.* at 405. Applying the elements of an implied-in-fact contract in *Brannan* to this case, without making a determination on the merits as to whether or not an implied-in-fact contract existed, this court is of the opinion that it has jurisdiction to hear Tags Richards' contract claim. Accordingly, Richards' claim is not dismissed under 28 U.S.C. § 1500 because he is not a party to the suit in the district court. *Cf. Brown v. United States,* 175 Ct.Cl. 343, 358 F.2d 1002 (1966) (if plaintiff's action is dismissed from the district court proceeding without

addressing the merits jurisdiction may lie in this court).

## CONCLUSION

For the reasons discussed herein, plaintiffs' claims, with the exception of Tags Richards' claim, are dismissed pursuant to 28 U.S.C. § 1500. This court has jurisdiction to hear Tags Richards' cause of action pursuant to 28 U.S.C. § 1491. Therefore, there being no just reason for delay, all parties to the complaint in this court are dismissed with the exception of Tags Richards and the clerk is directed to enter judgment pursuant to USCC Rule 54(b) in conformance with this Order.

IT IS SO ORDERED.