**EASTERN BAND OF CHEROKEE INDIANS, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 71–87L.

United States Claims Court.

Dec. 23, 1988.

Ben Oshel Bridgers, Sylva, N.C., for plaintiffs.

George William Sherk, Washington, D.C., for defendant. Sharee Freeman, Dept. of Interior, of counsel.

## OPINION

ROBINSON, Judge.

This case is before the court on the defendant's motion for summary judgment filed pursuant to Rule 56(b) of the Rules of the United States Claims Court (RUSCC). In their complaint, plaintiffs, Eastern Band of Cherokee Indians, *et al.*, allege that the Department of the Interior should have granted their request for increased funds for the Cherokee Central School under 25 U.S.C. § 2008(b), which provides for equivalent funding for schools operated by the Bureau of Indian Affairs (BIA). In its motion for summary judgment, defendant argues that the Claims Court does not have jurisdiction over this claim because the statute and regulations relied upon as the basis of jurisdiction do not mandate the payment of money. Defendant also argues that the plaintiffs have failed to state a claim upon which relief may be granted, as there are no funds available to grant the relief requested. In its reply, the defendant asserts that the government does not have a fiduciary duty to provide funding; therefore, breach of a fiduciary duty is not a basis of jurisdiction. Defendant's motion for summary judgment is granted for the reasons discussed below.

## FACTS

In 1978, Congress enacted 25 U.S.C. § 2008 to provide for funding of schools operated by the BIA. Subsection (b) of the statute provides for comparability payments, which ensure that per student funding for BIA schools is equal to per student funding for public schools in the same area.

The relevant regulations promulgated by the Secretary of Interior to implement 25 U.S.C. § 2008(b) are 25 CFR §§ 39.17 and 39.78. Under these provisions, the funding must come from the Formula Implementation Set–Aside Fund. The Set–Aside Fund was funded for comparability payments in fiscal year 1980. The Set–Aside Fund budget for fiscal years 1981 to 1983 did not include appropriations for comparability funding. No appropriations have been made to the Set–Aside Fund since fiscal year 1983. Since fiscal year 1987 there has been a moratorium against implementation of 25 U.S.C. § 2008(b) pending submission of a report by the BIA to Congress.

In April 1986, John D. Wahnee, the Agency Principal of the Cherokee Central School, requested additional funding in the amount of $409,573.50 pursuant to 25 CFR § 39.17. Dr. Lawrence Isaac, Jr. of the Office of Indian Education Programs, Department of the Interior, denied the request because the request was incomplete and the Set–Aside Fund had not been funded for fiscal year 1986. Plaintiffs appealed the decision and were again denied the requested funding. The data submitted were apparently incorrect, and the corrected data did not qualify for the comparability funding. The Honorable Ross O. Swimmer, Assistant Secretary of Indian Affairs, denied the plaintiffs' final appeal on the grounds of inadequate documentation and the Congressional moratorium against implementation during fiscal year 1987. Plaintiffs now seek relief in this court.

Defendant has moved for summary judgment, arguing that the Claims Court does not have jurisdiction since the plaintiffs do not rely on a money mandating statute, and that the plaintiffs have failed to state a claim upon which relief may be granted, because there are no available funds. In its opposition brief, plaintiffs contend that this court has jurisdiction because 25 U.S. C. § 2008(b) and 25 CFR §§ 39.17 and 39.78 do mandate the payment of money. In addition, plaintiffs assert that there are available funds to grant relief in the instant case. Plaintiffs also argue that this court has jurisdiction because there has been a breach of the fiduciary duty owed by the government to the plaintiffs. In reply, the defendant counters that no fiduciary relationship exists which requires the government to provide the requested funding. Defendant also asserts that no other funds may be used to provide the requested funding.

## DISCUSSION

Summary disposition requires that no genuine dispute exists as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The movant has the burden of establishing that there is no material fact in dispute and that it is entitled to judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed. 2d 142 (1970); *Molinaro v. Fannon/Courier Corp.*, 745 F.2d 651, 653–54 (Fed.Cir. 1984). The party opposing the motion has the burden of showing sufficient evidence that there is a genuine issue of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor ..." *Anderson v. Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. at 2513. In the instant case, the defendant has persuaded the court that the motion for summary judgment should be granted.

▉ The United States Claims Court is a court of limited jurisdiction. Congress provided a waiver of sovereign immunity in the Tucker Act, 28 U.S.C. § 1491, which states:

The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages not sounding in tort.

The Tucker Act is a jurisdictional statute; it does not create substantive rights which are enforceable against the United States for money damages. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). The Tucker Act grants jurisdiction only when an independent substantive right for money damages exists. Thus, the statute relied upon by plaintiffs must be fairly interpreted as mandating the payment of money. *Eastport Steam-*ship Corp. v. United States*, 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967). The jurisdiction of the Claims Court must be strictly construed as it depends upon the sovereign's consent to be sued. *Kabua v. United States*, 212 Ct.Cl. 160, 167, 546 F.2d 381, 385 (1976).

▉ The statute and regulations, 25 U.S.C. § 2008(b) and 25 CFR §§ 39.17 and 39.-78, respectively, relied upon by the plaintiffs as the basis for jurisdiction, cannot be fairly interpreted as money mandating.

The clear language of 25 U.S.C. § 2008(b) does not create for plaintiffs the substantive right to the payment of money damages by the federal government. The section provides:

(b) Pro rata allotment of Federal funds appropriated for a general local operation of schools in accordance with formula; exception

Notwithstanding any other provisions of law, Federal funds appropriated for the general local operation of Bureau and contract schools, shall be allotted pro rata in accordance with the formula established under subsection (a) of this section, except that in the case of any such school which is located in a school district of a local educational agency which receives from Federal funds under other provisions of law an average payment per Indian child attending such school in that district which is higher than the amount which would be received by such Bureau or contract school under such formula for each eligible Indian student attending such school, the payment to be received by that school·under this section for each child shall be equal to such average payment for an eligible Indian student in public school in that district.

While the statute may be phrased in mandatory language, nevertheless the statute does not mandate the direct payment to plaintiffs of the equivalent funding for BIA schools. Rather, the statute merely authorizes the Secretary of the Interior to fund those BIA education programs under his direction at a certain level in order to achieve prescribed goals. Further, the Court of Appeals for the Tenth Circuit has

determined that the Secretary's decisions regarding use of the formula implementation set-aside fund are discretionary instead of ministerial. *See, Alamo Navajo School Board, Inc. v. Andrus*, 664 F.2d 229 (10th Cir.1981). Consequently, 25 U.S.C. § 2008(b), which accords the Secretary the discretion to confer certain monetary benefits, cannot serve as a basis for Claims Court jurisdiction. *See, Hopland Band of Pomo Indians v. United States*, 13 Cl.Ct. 276, 280–81 (1987). Nor do the regulations create a substantive right to the payment of money. In the absence of a substantive right to money damages, the Claims Court does not have jurisdiction under the Tucker Act. In this case, plaintiffs have failed to show that the applicable statute and regulations confer jurisdiction on this court.

Plaintiffs argue that the court has jurisdiction because the government has breached its fiduciary duty to the plaintiffs. Plaintiffs rely generally on the government's historical trust responsibility in Indian Education and maintains that the fiduciary duty is not limited to responsibilities defined by statute, Indian treaties, or executive orders. Plaintiffs assert that the Bureau has breached this duty by its negligence and bad faith in not providing funding for its schools and in seeking and sustaining a moratorium which disallows funding until a Bureau report has been submitted. Defendant contends that there is no special fiduciary duty which constitutes a trust relationship.

Allegations of breach of a general trust relationship with an Indian Tribe do not establish a "claim for money" within the meaning of the Tucker Act. *United States v. Mitchell (Mitchell I)*, 445 U.S. 535, 542–44, 100 S.Ct. 1349, 1353–54, 63 L.Ed.2d 607 (1980). The plaintiffs must demonstrate the existence of a trust responsibility which mandates particular monetary relief upon the basis of an act of Congress, upon a treaty, or upon the assumption by the government of the task of managing economic assets. If the source of substantive law establishes only a general trust relationship, the government's fiduciary obligations are not those of a private trustee.

*Montana Bank of Circle, N.A. v. United States*, 7 Cl.Ct. 601, 613 (1985).

In *United States v. Mitchell (Mitchell II)*, 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed. 2d 580 (1983), the statutes in question gave the government complete responsibility for the management of Indian forests and property for the benefit of the Indians. The Supreme Court found that those statutes imposed a fiduciary duty on the United States. The court held that breach of such a fiduciary duty gave rise to a claim for money damages against the government. The court contrasted *Mitchell II* with *Mitchell I*, in which the General Allotment Act created only a general trust relationship between the government and the Indians. However, in the instant case, the applicable statute, 25 U.S.C. § 2008(b), does not establish a complete trust responsibility which mandates monetary payment.

The Court of Claims, this court's predecessor, in *Lipan Apache Tribe, et al. v. United States*, 180 Ct.Cl. 487 (1967), determined that a fiduciary relationship could be established upon the basis of a series of treaties. However, in the case at bar, plaintiffs do not rely on a particular treaty as the basis of the fiduciary relationship. In *Navajo Tribe of Indians v. United States*, 224 Ct.Cl. 171, 624 F.2d 981 (1980), the Court of Claims held that the government's control and supervision of tribal monies and properties established a complete fiduciary relationship. In the instant case, the government has not assumed the task of managing the economic assets of the plaintiffs. In sum, the plaintiffs have not established that the government has a fiduciary duty to the plaintiffs, which constitutes a trust relationship.

Defendant's motion for summary judgment also asserts that plaintiffs have failed to state a claim upon which relief may be granted. Defendant argues that (1) the Set-Aside Fund, which would be the source of funding for Indian schools, has not been funded for comparability funding since fiscal year 1980, (2) appropriations for fiscal year 1981 to 1983 were not for comparability payments, and (3) there has been

a Congressional moratorium on implementation of 25 U.S.C. § 2008(b) through fiscal year 1988. Therefore, defendant contends even if plaintiffs could prevail on the issue of jurisdiction and then on the merits, relief could not be granted by this court.

The Set–Aside Fund was not funded in fiscal year 1986, the year of plaintiffs' request. Plaintiffs argue that the Department of Interior could have applied funds from other accounts. However, the Anti-Deficiency Act, 31 U.S.C. § 1341(a) states that a Untied States officer may not authorize expenditures "exceeding the amount available in an appropriation or fund for expenditure or obligation." Thus, the officers of the Department of the Interior could not grant the plaintiffs' request for funding. Penalties for violating the Anti-Deficiency Act are codified at 31 U.S.C. §§ 1349 and 1350. The court thus finds that the plaintiffs have failed to state a claim upon which relief may be granted as funds are not available to satisfy plaintiffs' claim.

Plaintiffs argue that facts material to resolving the merits of the claim remain contested. However, the court finds that there are no material facts in dispute. Plaintiffs' genuine issues of fact are questions of law, which may be decided by this court in summary disposition.

## CONCLUSION

The record indicates that there are no genuine issues as to any material fact. The court does not have jurisdiction to review the decision of the Department of the Interior as plaintiffs have not shown their reliance on a money mandating statute or the existence of a fiduciary relationship which mandates the payment of money, whether based on a statute, treaty, or government control or supervision of Tribal money or property. Also, the plaintiffs have failed to state a claim upon which relief may be granted. Therefore, defendant is entitled to judgment as a matter of law. The court grants the defendant's motion for summary judgment. The clerk is directed to dismiss the complaint. No costs.