**BEAUREGARD PARISH POLICE JURY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 411–88C.**

United States Claims Court.

Feb. 24, 1989.

Richard C. Broussard, Lafayette, La., for plaintiff.

Gordon B. Kromberg, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This action comes before the court on defendant's motion to dismiss the complaint for lack of jurisdiction pursuant to

28 U.S.C. § 1500 (1982). At issue is whether section 1500 acts as a jurisdictional bar to plaintiff's claim in contract when an identical pending claim filed by plaintiff in tort was finally adjudicated by a district court on the merits.

## FACTS

Defendant, acting through the Secretary of the Air Force, conveyed an airfield to the Parish of Beauregard, represented by plaintiff, Beauregard Parish Police Jury. Defendant retained the right to use the airfield on a non-exclusive basis, upon the contractual condition that it pay plaintiff for any costs or damages resulting from such use. The airport's two operational runways had a published weight limitation of 83,000 pounds. Nevertheless, in 1982, defendant chose to conduct maneuvers on the air strips with C–130 aircraft, which resulted in visible "ruts" on the ends of the two runways.

After exhausting the requisite administrative avenues without success, plaintiff brought suit on March 17, 1986 in the United States District Court for the Western District of Louisiana, claiming money damages for defendant's negligent use of the air strips under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) (1982). Since the Tucker Act, 28 U.S.C. § 1491 (1982), barred plaintiff from combining a contract claim in the same suit, plaintiff filed a complaint based upon contract theory in this court on July 15, 1988, stating the same allegations as in the district court and seeking similar monetary relief. On August 5, 1988, the district court entered judgment against defendant in the amount of $42,508.00.

## DISCUSSION

In its motion to dismiss, defendant argued that because plaintiff's claim was based on the same operative facts and sought the same type of relief as the claim filed in the district court, section 1500 precluded the court from taking jurisdiction. Plaintiff asserted that the two claims were based upon different legal theories, one in tort and the other in contract, and that

each constituted a separate and distinct claim. In addition, plaintiff argued that because its district court claim had been finally adjudicated on the merits, there was no longer a claim pending before another court, and thus section 1500 did not apply. Defendant countered that plaintiff was bound by the election it made when it chose to proceed in the district court, and that the district court's ruling did not remove section 1500's jurisdictional bar.

Because matters before the Claims Court involve waivers of sovereign immunity, the court must be certain that it has jurisdiction over an action before it proceeds to the merits. *Kabua v. United States*, 212 Ct.Cl. 160, 167, 546 F.2d 381, 385 (1976), *cert. denied*, 434 U.S. 821, 98 S.Ct. 63, 54 L.Ed.2d 77 (1977); *Eastern Band of Cherokee Indians v. United States*, 16 Cl.Ct. 75, 77 (1988). Accordingly, the court must give great heed to statutes that grant or define its jurisdiction. 28 U.S.C. § 1500 (1982) is the jurisdictional key that enables the court to enter judgment in this case. The statute states:

> The United States Claims Court shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

A prerequisite for section 1500 application in this case is the determination that plaintiff's claims in the district court and the Claims Court were the same. The United States Court of Appeals for the Federal Circuit has recently held that claims are the same for section 1500 purposes if they are based upon the same operable facts and seek the same type of relief. *Johns-Manville Corp. v. United States*, 855 F.2d 1556, 1564 (Fed.Cir.1988). In this instance, the underlying facts upon which plaintiff based its claims are as follows: defendant conveyed title of the airport to plaintiff; reserved a non-exclusive

right for use upon the condition that it reimburse plaintiff for damages caused by that use; and then knowingly damaged the runways, which could not support the weight of defendant's C–130 landings. Plaintiff solicited monetary relief in both courts for the damages incurred. There were no other distinguishing facts alleged in either claim that made one different or unique from the other. Little deliberation is necessary to conclude that plaintiff's claims both sprung from the same operative facts, sought the same type of relief, and thus must be considered identical for section 1500 purposes.

Plaintiff maintained that the separate legal theories required by the differing causes of action necessarily distinguished the two claims. Plaintiff is mistaken. The court's analysis is not to be affected by the fact that plaintiff sued in tort in one court and in contract another court. Legal theories of relief do not change the basic facts of a case. As the court in *British American Tobacco Co. v. United States*, 89 Ct.Cl. 438, 440 (1939), *cert. denied*, 310 U.S. 627, 60 S.Ct. 974, 84 L.Ed. 1398 (1940) declared:

> A recital of the operative facts relied upon by a claimant does not state two separate and distinct causes of action merely because such facts may set up a liability both in tort and contract.... We think it is clear that the word "claim," as used in section 154, supra, has no reference to the legal theory upon which a claimant seeks to enforce his demand....

While different elements of proof were necessarily alleged by plaintiff, these are tangential to the determination of whether the two claims were the same. "We construe the term 'claim' in 28 U.S.C. § 1500 to be defined by the operative facts alleged, not the legal theories raised ... elements of proof are only relevant once a legal theory has been chosen," and thus do not alter the basic facts of the case. *Johns–Manville*, 855 F.2d at 1563, 1564. Plaintiff's alleging slightly different facts to support its claims in tort and contract does not vitiate the conclusion that the same foundational facts gave rise to both claims. As stated in

*Chavez v. United States*, 14 Cl.Ct. 212 (1988):

> A suit based in tort or contract can be the same claim or cause of action irrespective of the theory of relief so long as it arises with respect to the same operative facts and prays for the same monetary relief.

*Id.* at 215 (citing *Dwyer v. United States*, 7 Cl.Ct. 565, 568 (1985)).

Plaintiff relied heavily on the Court of Claims decisions in *Bird & Sons v. United States*, 190 Ct.Cl. 426, 420 F.2d 1051 (1970), and *Fountain v. United States*, 192 Ct.Cl. 495, 427 F.2d 759 (1970), *cert. denied*, 404 U.S. 839, 92 S.Ct. 131, 30 L.Ed.2d 73 (1971), to support the argument that its tort and contract claims were separate distinct. *Bird* set forth the basic proposition later affirmed in *Fountain* that the court is not precluded from hearing an action in contract simply because the claim also possesses elements of tort. While the legal principle may be correct, it is irrelevant to the case at bar. The applicability of section 1500 is at issue in this action not because elements of tort were present in plaintiff's contract claim, but because the two theories of recovery constituted the one claim filed in two different courts. Therefore, the court finds that despite the different legal theories alleged, plaintiff's claims before the district court and the Claims Court arose from the same set of operative facts and are to be considered the same claim.

Since this court has no jurisdiction over claims currently pending before another federal tribunal, the court must consider whether plaintiff's district court action was "pending" for section 1500 purposes. Plaintiff argued that the moment its district court claim was favorably adjudicated on the merits, there was no longer a claim pending before another court, and thus section 1500 would not apply. Plaintiff focused on section 1500's present tense use of pending and concluded that the statute only covered actions filed and awaiting consideration by another court. The court's holding in *Chavez*, expressly rejects plaintiff's position.

When the district court's action is pending or final on the merits, the plaintiff may not be permitted to pursue the cause of action under a contract theory of relief against the United States in this court.

*Chavez*, 14 Cl.Ct. at 216 (citing *British American*, 89 Ct.Cl. at 441).

Section 1500 was enacted for the benefit of the sovereign and was intended to force an election when two forums could grant the same type of relief, arising from the same operable facts. *Johns–Manville Corp. v. United States*, 855 F.2d 1556, 1564 (Fed.Cir.1988). The purpose of the section is to relieve the United States from defending the same case in two courts at the same time. *Id.* at 1562; *Dwyer*, 7 Cl.Ct. at 567. In the case at bar, plaintiff elected to bring its claims against the United States in the district court. Before matters were finally adjudicated in that forum, plaintiff filed the same claim in this court. Soon thereafter, the district court dismissed the action in plaintiff's favor. Not completely satisfied with the judgment, plaintiff continued to press its case before this court, without interjecting any facts not already considered by the district court. In so doing, plaintiff forced defendant to respond to the same allegations twice, in hopes of increasing plaintiff's monetary damages. Such a result is in contravention of the spirit of section 1500: to protect the United States from duplicitous, potentially vexatious litigation. *Armstrong v. United States*, 4 Cl.Ct. 269, 271 (1984) (citing *Casman v. United States*, 135 Ct.Cl. 647, 648–49 (1956)). *British American* succinctly stated the position of the court in this case.

There is no provision that a suit in this court against the United States may be prosecuted if the suit in another court against an agent of the United States is dismissed by final adjudication upon the merits. The whole purpose of the act was to prevent this being done.

*British American*, 89 Ct.Cl. at 441; cf. *Brown v. United States*, 175 Ct.Cl. 343, 358 F.2d 1002 (1966) (If plaintiff's action is dismissed from the district court proceeding without addressing the merits, jurisdiction may lie in this court). The court will not stand idly by and allow plaintiff to take another bite from defendant's apple. The term "pending" must be read to include not only claims presently under consideration by another court, but also claims once pending and subsequently dismissed on their merits. The court thus finds that plaintiff made its election, profited thereby, and now must live with the outcome as dictated by section 1500.

## CONCLUSION

While plaintiff's actions before the district court and this court were based on different legal theories, the court finds that plaintiff's claims were grounded upon identical operative facts, sought the same legal remedy, and thus constitute the same claim under section 1500. The court also finds plaintiff's district court claim was "pending" for purposes of section 1500. Since the same claim filed in this court was pending in another federal forum, the court lacks jurisdiction to act upon plaintiff's complaint under 28 U.S.C. § 1500 (1982), and has no alternative but to dismiss plaintiff's claim with prejudice. The Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.